449 So.2d 928 (1984)
STRICKLAND'S MAYPORT, INC. and B.J. Strickland, Jr., Appellants,
v.
KINGSLEY BANK, Appellee.
No. AU-23.
District Court of Appeal of Florida, First District.
April 26, 1984.
Rehearing Denied May 30, 1984.
Barry L. Zisser of Zisser, Robison, Spohrer, Wilner & Harris, Jacksonville, for appellants.
Sidney E. Lewis, Jacksonville, for appellee.
MILLS, Judge.
Strickland appeals from a final judgment authorizing reposession of collateral. He contends the collateral, a 30,000 gallon aeration sewage treatment plant, became a fixture and thus was not subject to repossession. Because the evidence was sufficient for the trial court to find the plant remained personalty, we affirm.
Strickland needed a new sewage treatment plant for his restaurant. To finance its purchase, he entered into a security agreement with Kingsley Bank designating the plant as collateral. When Strickland failed to make several payments, the bank sought to replevy the plant. The trial court rejected the contention that the plant was a fixture, finding the bank entitled to repossession.
The record indicates the plant was installed on a lot across from the restaurant in a concrete trench approximately four feet deep. It was connected to the restaurant by a series of pipes. Strickland testified that he intended the plant to be a permanent accession to the realty.
In the leading case of Commercial Finance Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 So. 814 (1929), the Florida Supreme Court set out a three-part test for determining whether an object is a fixture or personalty:
1. Is there actual annexation to the realty or something appurtenant thereto?
2. Is the item in question appropriately applied to the use or purpose of that part of the realty to which it is connected?

*929 3. Did the party making the annexation intend the item to be a permanent accession to the freehold?
If the answer to these three questions is yes, the object is a fixture.
In this case, there is no question that the plant was actually annexed to the realty and that it was appropriately applied to the use of the restaurant. The critical issue is whether the third part of the three-part test was satisfied.
Whether the party making the annexation intended the item to be a permanent accession to the freehold is certainly an important consideration in determining whether an object is a fixture or personalty. Intent in this context, however, does not mean purely subjective intent but apparent intent considering the circumstances including the relationship of the parties to one another. See, United Bonding Insurance Co. v. Minichiello, 221 So.2d 220 (Fla. 1st DCA 1969). For this reason, Strickland's testimony that he subjectively intended the plant to be a permanent accession to the realty was not conclusive evidence that the plant was indeed a fixture.
There was evidence that the plant was relatively portable. More importantly, Strickland knew at the time he annexed the plant to the realty that he had entered into a security agreement with the bank designating the plant as collateral.
Existence of a security agreement does not necessarily preclude characterization of an object as a fixture if other facts clearly indicate the annexor's intent to make a permanent accession to the realty. Cf., Corbett v. Appliance Buyers Credit Corp., 172 So.2d 257 (Fla.3d DCA 1965). In this case, however, where the facts provide no such clear indication, the security agreement was strong evidence that Strickland did not intend for the plant to be a permanent accession to the realty.
Furthermore, we think it generally unfair for one to finance the purchase of an object by putting that object up as collateral, default on the loan, and then claim the object cannot be repossessed because it has become a fixture.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.