## In re CONTINENTAL COUNTRY CLUB, INC., Debtor.

**Margaret M. CHENETTE, Appellant/Creditor,**

v.

**Peter N. HILL, as Fund Representative of the Second Redman Plan of Reorganization for Continental Country Club, Inc., Appellee.**

No. 86–823–CIV–ORL–19.

United States District Court, M.D. Florida, Orlando Division.

March 9, 1988.

Richard W. Hennings, Cauthen, Robuck & Hennings, P.A., Tavares, Fla., for appellant/creditor.

Peter N. Hill, Smathers, Pleus, Adams, Fassett & Divine, P.A., Orlando, Fla., for appellee.

FAWSETT, District Judge.

The matter under consideration in this Bankruptcy Appeal is the objection of the Appellee, Peter N. Hill, to the secured claim of lien filed pursuant to 11 U.S.C. § 365(j) by the Appellant, Margaret M. Chenette. The claim of the Appellant is an alleged secured claim which resulted from the breach of an executory contract for the sale of a mobile home. The United States Bankruptcy Court for the Middle District of Florida disallowed the secured claim of the Appellant but did allow the Appellant to file an unsecured claim for the amount of her deposit on the mobile home.

### Statement of Case and Facts

On April 17, 1984 the Appellant entered into a contract to purchase a mobile home from the Debtor, Continental Country Club, Inc. ("Continental"), at a price of $38,996.60. Continental, however, gave the Appellant a discount of $3,000.00 on the purchase price of the mobile home, making the total purchase price for the mobile home $35,996.60. The Appellant made a down payment towards the purchase of the mobile home in the amount of $35,660.00. The mobile home was to be taken to a large mobile home park owned by Continental in Sumter County, Florida. The Appellant was going to lease or purchase a lot from Continental. The purchase price for the lot was $13,900.00, and the lease price was $116.00 per month.

Prior to closing, the Appellant notified Continental of her intention to purchase a lot at Continental's mobile home park. A mobile home was ordered for the Appellant and delivered to Continental's mobile home

park in Sumter County. The mobile home was set up on blocks, rough plumbing was installed, and temporary tie downs were put in place. The money to pay for the lot and the balance due on the mobile home were due at the time of closing. No down payment was made for the lot, but it was understood by the parties that the lot and the mobile home would close at the same time.

Continental filed a voluntary petition for bankruptcy on February 12, 1985. The closing of the mobile home and lot never took place, and no part of the Appellant's down payment was returned. The Appellant never took title or possession to the mobile home and lot.

Pursuant to 11 U.S.C. § 365(a), Continental rejected the purchase contract with the Appellant. The rejection was approved by the Bankruptcy Court, and Appellant filed a Proof of Claim with the Bankruptcy Court in the amount of her down-payment. The Appellant filed her claim as a secured claim pursuant to the provisions of 11 U.S.C. § 365(j). The Bankruptcy Court, however, classified the Appellant's claim as unsecured.

The Appellant's position on Appeal is that the Bankruptcy Court erred by failing to classify her claim as a secured claim arising under section 365(j).

### Merits

The Appellant bases her claim upon 11 U.S.C. § 365(j) which states in pertinent part:

> ... a party whose executory contract to purchase real property for the debtor is rejected and under which such party is not in possession, has a lien on the interest of the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid.

Thus, to be entitled to a lien under section 365(j), the Appellant must establish the following four elements:

(1) the sales contract is executory;

(2) the sales contract is for the purchase of real property;

(3) Continental has rejected the contract; and

(4) the Appellant is not in possession of the property.

There is no dispute that the mobile home sales contract was executory, that the Appellant never took possession of the mobile home or lot, and that Continental rejected the contract. Therefore, the only issue before this Court is whether the mobile home sales contract can be classified as a contract for the purchase of real property.

Under Florida law, a mobile home is initially considered a vehicle which must be given a certificate of title. *See* Chapter 320, Florida Statutes (1985). In order to perfect a security interest in a vehicle, the lienor's interest must be noted on the title. Florida Statute §§ 679.302, 319.27 (1985). Florida law also provides, however, that an object which is intended to remain permanently in place, even if it is not actually attached to the underlying land, is a fixture which constitutes a part of the realty. *Commercial Finance Co. v. Brooksville Hotel Co.*, 98 Fla. 410, 123 So. 814 (1929); *Strickland's Mayport, Inc. v. Kingsley Bank*, 449 So.2d 928 (Fla.App.1984). Further, pursuant to Florida Statute § 193.075,

> [a]ny mobile home without a current license plate properly affixed, as provided in s. 320.08(8) or s. 320.0815, shall be presumed to be either real property or tangible personal property. It shall be presumed to be real property only if the owner of the mobile home is also the owner of the land on which it is located and the mobile home is also permanently affixed to the realty. Otherwise it shall be presumed to be tangible personal property.

Therefore, a mobile home may lose its character as a vehicle and become part of the land on which it is placed. If such a transformation occurs, then a security interest in the mobile home may be perfected under Florida real estate law.

The Florida Supreme Court in *Commercial Finance Co. v. Brooksville Hotel Co.*, *supra*, set out a three-part test for determining whether an object is personalty or a fixture:

(1) Is there actual annexation to the realty or something appurtenant thereto?

(2) Is the item in question appropriately applied to the use or purpose of that part of the realty to which it is connected?

(3) Did the party making the annexation intend the item to be a permanent accession to the freehold?

If the answer to these three questions is yes, the object is a fixture.

The facts of the instant case indicate that the mobile home was annexed to the realty and that it was appropriately applied to the use or purpose of the realty as a home or dwelling place. Arguably, the parties intended the mobile home to be a permanent accession to the property. However, pursuant to Florida Statute § 193.075, a mobile home is presumed to be real property only if the owner of the mobile home is also the owner of the land on which it is located. Otherwise, the mobile home is presumed to be tangible personal property. Thus, under section 193.075, the Appellant's mobile home must be presumed to be tangible personal property since she never owned or had any interest in the land on which the mobile home was located.

The Appellant also admits that the mobile home was personal property when she entered into the sales contract with Continental. Further, both Continental and the Appellant treated the land sales contract and the mobile home sales contract as separate, distinct agreements. Consequently, even if the nature of the mobile home did change from personalty to realty under the *Commercial Finance* test, the mobile home sales contract must be classified as a contract for the sale of personalty. Thus, the Appellant is not entitled to a secured lien under section 365(j) since that section applies to "executory contracts to purchase "real property" only.

The decision of the United States Bankruptcy Court is hereby AFFIRMED.