534 So.2d 1183 (1988)
CITY OF ORLANDO, et al., Appellants,
v.
Ford S. HAUSMAN, Etc., Appellee.
No. 88-205.
District Court of Appeal of Florida, Fifth District.
November 10, 1988.
Rehearing Denied December 21, 1988.
Michael S. Webb, City Atty., Orlando, for appellant City of Orlando.
David A. Baker of Foley & Lardner, Van Den Berg, Gay, Burke, Wilson & Arkin, Orlando, for appellant Greater Orlando Aviation Authority.
Frederic Stanley, Jr. of Stanley & Lovett, Orlando, for appellant Central Florida Skates.
Gene Godbold, Winter Park, for appellant East Colonial Associates.
J.P. Carolan, III of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellant Rugby Development.
Scott E. Wilt of Maguire, Voorhis & Wells, P.A., Orlando, for appellants Arvida Corp., Expo Hotel Associates, Ltd., Colonial Promenade, Colonial Plaza Trust and Spartan Food Systems.
Robert B. White, Jr. of White & May, Orlando, for appellant Famous Florida Fish Co.
Steven R. Bechtel, Orlando, and Gaylord A. Wood, Jr., Fort Lauderdale, for appellee.
DANIEL, Judge.
In December 1986, the City of Orlando, a municipal corporation, the Greater Orlando Aviation Authority, an agency of the city, and ten tenants of property leased from either the city or the authority, filed an action to contest real property assessments made by Ford Hausman, the property appraiser of Orange County. The plaintiffs contended that the properties in question were exempt from ad valorem taxation. Specifically, the plaintiffs argued that the tenants' "leasehold interests" were subject only to intangible personal property taxation and that the city's "reversion interest" was exempt from ad valorem taxation. After the plaintiffs conceded that the tenants' use of the property was not for a municipal or public purpose, the trial court entered summary final judgment in favor of the property appraiser. We affirm.
Article 7, Section 3(a) of the Florida Constitution of 1968 provides in part as follows:
All property owned by a municipality and used exclusively by it for municipal or public purposes shall be exempt from taxation.
*1184 Section 196.199, Florida Statutes (1985) provides in part as follows:
Exemptions for property owned by governmental units. 
(1) Property owned and used by the following governmental units shall be exempt from taxation under the following conditions:
* * * * * *
(c) All property of the several political subdivisions and municipalities of this state or of entities created by general or special law and composed entirely of governmental agencies, or property conveyed to a nonprofit corporation which would revert to the governmental agency, which is used for governmental, municipal, or public purposes shall be exempt from ad valorem taxation, except as otherwise provided by law.
(2) Property owned by the following governmental units, but used by nongovernmental lessees, shall only be exempt from taxation under the following conditions:
(a) Leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities, agencies, authorities, and other public bodies corporate of the state shall be exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in s. 196.012(5). In all such cases, all other interests in the leased property shall also be exempt from ad valorem taxation.
* * * * * *
(4) Property owned by any municipality, agency, authority, or other public body corporate of the state which becomes subject to a leasehold interest or other possessory interest of a nongovernmental lessee other than that described in paragraph (2)(a), after April 14, 1976, shall be subject to ad valorem taxation unless the lessee is an organization which uses the property exclusively for literary, scientific, religious, or charitable purposes.
In Orlando Utilities Commission v. Milligan, 229 So.2d 262 (Fla. 4th DCA 1969), cert. denied, 237 So.2d 539 (Fla. 1970), the fourth district held that property owned by the Orlando Utilities Commission which was used as a recreational area for the exclusive use of its employees and their families was not exempt from ad valorem taxation:
Since Utility is a municipally owned and operated public utility, its real property is exempt from ad valorem taxation if the property is held and used exclusively for municipal purposes. This is an "exemption" only, not an "immunity" from taxation. Exemption presupposes the existence of a power to tax whereas immunity connotes the absence of that power. The state and its political subdivisions, like a county, are immune from taxation since there is no power to tax them. Park-N-Shop, Inc. v. Sparkman, (Fla. 1957), 99 So.2d 571. A municipality can be taxed but may be exempt if it meets the statutory criteria for exemption.
* * * * * *
A right of exemption is not to be determined altogether by the character of the institution which owns and uses the property, but it is to be determined by the use to which the property is put in the ownership of the property.
* * * * * *
The question is therefore whether or not the property involved in this suit is in truth and in fact held and used exclusively for a municipal purpose within the purview of § 1, Article IX and § 16, Article XVI of the Constitution of the State of Florida. As the subject property is used by Utility as a recreational area for the exclusive use of its employees and their families this question is answered in the negative. The use is primarily one of a private nature vis-a-vis public and tax exemptions should not be based on the favoring of particular persons and corporations at the expense of tax payers generally, or granted on any idea of individual property owners, but are based on the accomplishment of public purposes, and are granted on the theory that they *1185 will benefit the public generally. Such is not the case here. (emphasis in original)
229 So.2d at 264-265.
Here the tenants' use of the properties is private and commercial and not for a municipal or public purpose. Since the properties were being used for private purposes, there was no exemption from ad valorem taxation and the trial court was correct in upholding the assessment of taxes against the city.
The city, however, argues that section 196.199(2)(b) applies here:
Exemptions for property owned by governmental units. 
* * * * * *
(b) Except as provided in paragraph (c)[1], the exemption provided by this subsection shall not apply to those portions of a leasehold or other interest defined by s. 199.023(1)(d)... . Such leasehold or other interest shall be taxed only as intangible personal property pursuant to chapter 199 if rental payments are due in consideration of such leasehold or other interest. If no rental payments are due pursuant to the agreement creating such leasehold or other interest, the leasehold or other interest shall be taxed as real property. Nothing in this paragraph shall be deemed to exempt personal property, buildings, or other real property improvements owned by the lessee from ad valorem taxation.
The city claims that the leasehold interests of its tenants are subject only to intangible personal property taxation. Although the reclassification of leasehold interests as intangible personal property presents some interesting constitutional questions, we need not decide those issues. There is no evidence that the property appraiser included the leasehold interests of the tenants in his assessment. Since the leasehold interests were not included, section 196.199(2)(b) simply has no application here.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] Paragraph (c) provides that any governmental property leased to an organization which uses the property exclusively for literary, scientific, religious, or charitable purposes shall be exempt from taxation. It was uncontested that the properties here were not being used for these purposes.