537 So.2d 1041 (1989)
SEARS, ROEBUCK & COMPANY, Appellant,
v.
BAY BANK & TRUST COMPANY, Appellee.
No. 87-411.
District Court of Appeal of Florida, First District.
January 13, 1989.
*1042 Larry D. Kellar of Ritchie & Kellar, Pensacola, for appellant.
Jacalyn N. Kolk of Hilton, Hilton, Kolk & Laing, Panama City, for appellee.
NIMMONS, Judge.
Appellant (Sears) challenges the trial court's finding that certain household appliances are fixtures rather than personalty. Sears entered into a sales contract with Greg Peaden, Inc. (Peaden), under which Sears sold Peaden 60 Sears Kenmore appliances[1] for installation in a condominium project named "Bahama West" that he was developing. Sears perfected a purchase money security interest in the appliances. A month or so prior thereto, Peaden had entered into a construction mortgage with appellee (Bay Bank) which included among its terms a provision that the mortgage covered any fixtures in the condominium units. Peaden defaulted on both the mortgage and the appliance sales agreement. Bay Bank filed the instant mortgage foreclosure suit which resulted in a final judgment of foreclosure against Peaden. The trial court reserved jurisdiction to determine whether the lien of Bay Bank's mortgage extended to the appliances sold by Sears. Pursuant to an evidentiary hearing, the trial court entered the subject appealed order finding that the appliances had become fixtures and that Bay Bank's mortgage lien therefore took priority over Sears' security interest.[2] We affirm in part and reverse in part.
The question of whether property is personalty or fixtures is a question of fact for determination by the trier of fact, and the issue in the appellate court is whether competent, substantial evidence supports the trial court's ruling. First Federal Savings & Loan Association v. Stovall, 289 So.2d 32 (Fla. 1st DCA 1974).
This court has embraced the three-part test[3] set forth in Commercial Finance Co. v. Brooksville Hotel Co., 98 Fla. *1043 410, 123 So. 814 (1929), for determining whether an object is a fixture. Strickland's Mayport, Inc. v. Kingsley Bank, 449 So.2d 928 (Fla. 1st DCA 1984).
Except for the built-in-the-wall air conditioning units, our review of the evidence persuades us that there is no competent substantial evidence to support the conclusion that these appliances  refrigerators, ranges, range hoods, and dishwashers  were fixtures.
Accordingly, we affirm in part and reverse and remand in part for further proceedings not inconsistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] Twelve each of ranges with range cords, range hoods, refrigerators, dishwashers and air conditioners.
[2] Appellant conceded at trial that if the appliances were in fact fixtures then appellee's lien was superior to that of appellant. Section 679.313(2)(a), Florida Statutes, provides:

679.313 Priority of security interests in fixtures. 
* * * * * *
(2)(a) A security interest which attaches to goods which are or become fixtures is invalid against any person with an interest in the real estate at the time the security interest in the goods is perfected or at the time the goods are affixed to the real estate, whichever occurs later, who has not in writing consented to the security interest or disclaimed an interest in the goods as fixtures.
The above provision differs significantly from the Uniform Code; Florida's version is a reversal of the priority traditionally afforded vendors of fixtures. In Re Seminole Park and Fairgrounds, Inc., 502 F.2d 1015, 1017 (5th Cir.1974); 22 U.Miami L.Rev. 278, 303 (1967). Under the above provision, a seller of fixtures, even though having a security interest perfected prior to their being affixed to the real estate, will not have priority over the real estate mortgagee unless the mortgagee gives written consent to the security interest or disclaims an interest in the goods.
[3] The three criteria of such test are:

1. Is there actual annexation to the realty or something appurtenant thereto?
2. Is the item in question appropriately applied to the use or purpose of that part of the realty to which it is connected?
3. Did the party making the annexation intend the item to be a permanent accession to the freehold?
Strickland's Mayport, Inc. v. Kingsley Bank, 449 So.2d at 928. The third criterion has often been held to be the primary element. The mode and structure of annexation and the nature of the article annexed are among the factors in evaluating that intent. Wetjen v. Williamson, 196 So.2d 461 (Fla. 1st DCA 1967); Commercial Finance Co. v. Brooksville Hotel Co., 98 Fla. 410, 123 So. 814 (1929); 27 Fla.Jur.2d Fixtures Section 2, et. seq.