KAHN, Judge.
This is an appeal of a final order entered by the circuit court granting appellees’ mo *521 tion for summary judgment and declaring void appellant’s ad valorem tax assessment of certain improvements to a leasehold held by appellees pursuant to a lease between Fernandina Harbor Joint Venture and City of Fernandina Beach. Upon consideration, we determine that the final judgment entered by the circuit court squarely addresses the matters raised in this appeal, and is a proper application of the statutory provisions that are at issue in this case. Accordingly, we set out and adopt that judgment as our own:
FINAL JUDGMENT
This case is before the court on plaintiff’s Motion for Summary Judgment as to Counts II, III, VI and VII of its Amended Complaint [footnote omitted]. Count II of plaintiff’s Amended Complaint seeks to have the 1988 assessment and resulting tax on certain Improvements set aside on the ground that plaintiff is not the owner of the Improvements and that it is entitled to the exemption from ad valorem taxation set forth in Section 196.199(2)(a), Florida Statutes. Section 196.199(2)(a) provides that property owned by a municipality but leased to a non-governmental lessee is exempt from ad valorem taxation when the lessee uses the property for a valid public purpose. Count VI of plaintiffs Amended Complaint seeks the same relief for the 1989 assessment of the Improvements and the resulting tax which was imposed upon the City. Counts III and VII allege that for 1988 and 1989, respectively, plaintiff is subject only to the intangible personal property tax on its leasehold interest, as provided in Section 199.023(l)(d), Florida Statutes, and may not be assessed and taxed for ad valorem purposes.
The court has reviewed plaintiff’s Motion and Memorandum of Law, the Affidavits of Hans G. Tanzler III and Tommy C. Purvis in support of plaintiff’s Motion, the Affidavit of the defendant James Page in opposition to plaintiff’s Motion, the filed deposition of the defendant James Page, and all other pleadings and papers filed in this case, and heard oral argument of counsel. The Court finds that plaintiff has carried its burden of establishing that there are no material facts in dispute and that it is entitled to a judgment as a matter of law. See Landers v. Milton, 370 So.2d 368 (Fla. 1979). The Court makes the following specific findings:

Background:

This case involves the 1988 and 1989 assessments and taxation by the defendant James Page, in his capacity as Nassau County Property Appraiser, of certain improvements constructed by plaintiff, Fer-nandina Harbor Joint Venture, on property it leases from the City of Fernandina Beach (“the City”). The real property, located at the foot of Centre Street in Fernandina Beach, is owned by the City and has been operated as a city marina for many years. Historically, the City had never been taxed for either the marina real property or the improvements thereon, and had paid the annual operating deficits for the marina’s operation.
Pursuant to a lease dated October 2, 1984 (the “Lease”) between plaintiff and the City, plaintiff leased the property from the City. Under the Lease, plaintiff was required to demolish the existing marina dock facilities and was required to construct a first class public marina consisting of 100 deep water boat slips, a public boat ramp and 900 feet of floating concrete break water (the “Improvements”). It is these Improvements which the Property Appraiser assessed and taxed in 1988 and 1989.
In 1988 the Property Appraiser imposed an ad valorem tax assessment on the Improvements and billed plaintiff. In 1989 the Property Appraiser imposed an ad valo-rem tax assessment on the same Improvements and billed the City. Defendant Page explained this disparate treatment in consecutive tax years by stating that he erroneously submitted the tax bill for 1988 to plaintiff. Recognizing his mistake, he sent the 1989 tax bill to the City as the record title owner of the real property. Page deviated from the historical practice of not assessing or taxing the City for this marina property because of his interpretation of City of Orlando v. Hausman, 534 So.2d *522 1183 (Fla. 5th DCA), rev. denied, 544 So.2d 199 (Fla.1988), which he felt stood for the proposition that when there is a lease from a city to a private entity no statutory public purpose exemption is possible.

Counts II and VI:

A. Ownership of the Improvements

The initial issue to be decided is whether the City or plaintiff owns the Improvements. Plaintiff asserts in Counts II and VI that the Improvements are owned by the City.
The material facts are undisputed, and application of established legal principles demonstrates that the Improvements are owned by the City.
Although owner is not defined in the statutes, ownership of property has been described as a bundle of rights. An examination of the facts in this case demonstrates that the City is the owner of the Improvements.
The parties’ objective intent is to be considered in determining whether attachments or improvements are permanently part of the real property. Strickland’s Mayport, Inc. v. Kingsley Bank, 449 So.2d 928 (Fla. 1st DCA 1984); Florida Federal Savings & Loan Association v. Britt’s, Inc., 455 So.2d 1345 (Fla. 5th DCA 1984); Country Manors Association v. Master Antenna Systems, Inc., 458 So.2d 835 (Fla. 4th DCA 1984). The court finds that the objective intent of the parties, as expressed in the Lease, is that the Improvements were to be constructed at the Marina as a permanent appurtenance, and are owned by the City.
Florida law establishes that an owner for tax purposes can have either equitable title or legal title. For this reason the Court has looked beyond the mere form of the Lease to determine whether plaintiff can be considered to be the equitable owner of the Improvements and, therefore, be treated as the legal owner for purposes of ad valorem taxation. See, e.g., Bancroft Investment Corporation v. Jacksonville, 157 Fla. 546, 27 So.2d 162 (1946); Parker v. Hertz Corporation, 544 So.2d 249 (Fla. 2d DCA 1989); Hialeah, Inc. v. Dade County, 490 So.2d 998 (Fla. 3d DCA 1986) [rev. denied, 500 So.2d 544 (Fla.1986)]; Marathon Air Services, Inc. v. Higgs, 575 So.2d 1340 (Fla. 3d DCA 1991). Having done so, the Court concludes that plaintiff has neither legal nor equitable title to the Improvements and that the City is the owner of the Improvements. The Court finds that there is only a lessor and lessee relationship between the City and plaintiff. Under the Lease, the Improvements are not owned by the plaintiff, but rather plaintiff has only the right of use of the Improvements as a part of its leasehold interest during the leasehold term. Plaintiff’s ability to do anything with the Improvements other than use them is strictly curtailed: it may not alter the Improvements or construct additional improvements without the explicit approval of the City. The Lease prohibits plaintiff from removing, destroying, conveying or taking away the property during the course of the lease term. Any Improvements constructed are not to be considered personalty but are rather to be considered part of the real property owned by the City; throughout the Lease term plaintiff is obligated to pay the City rental payments, based on the use of the Improvements, pursuant to the extensive formula set forth in Article III of the Lease, and at the end of the lease term the City resumes operation of the City Marina without any payment obligation to plaintiff for the Improvements. The Improvements are simply replacements for the previously existing docks and appurtenant structures, and were to become permanently affixed to the real estate. The facts establish that the Improvements are owned by the record title owner of the real estate, the City, as both plaintiff and the City intended.
The Court therefore finds that plaintiff is neither the legal owner nor the equitable owner of the Improvements, and that the City is the owner of the Improvements.
B. Statutory Exemption
Plaintiff has asserted that the Improvements are not subject to ad valorem taxation because a statutory exemption applies. Specifically, Section 196.199(2)(a) provides:
*523 (a) Leasehold interests in property of ... municipalities ... shall be exempted from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in Section 196.012(6).
Under the definitional provisions of Section 196.012(6), a municipal or public purpose is defined to include either a function
which could properly be performed or served by an appropriate governmental unit or which is demonstrated to perform a function or serve a purpose which would otherwise be a valid subject for the allocation of public funds, (emphasis supplied).
Under the first definition, Florida courts have long recognized that governmental construction or promotion of recreational facilities, including a public marina, constitutes a valid public function. See, e.g., State v. Miami Beach Redevelopment Agency, 392 So.2d 875 (Fla. 1981); Panama City v. State, 93 So.2d 608 (Fla.1957).
As for the second definition, it is undisputed in this case that for years the City used tax revenues to pay operating expenses for the City Marina. The deposition testimony of the defendant Page, the Tanz-ler affidavit, and the Affidavit of Tommy C. Purvis, former dock master at the City Marina, establishes conclusively that the plaintiffs use of the property has been identical to that previously undertaken for years by the City. The only change pursuant to the Lease has been which entity, plaintiff or the City, was responsible for operating the Marina.
The Court, therefore, finds that the use of the Improvements by plaintiff for the 1988 and 1989 tax years is identical to the use of the Improvements by the City historically, and that this is a valid public purpose as that term is used in Section 196.199(2)(a). Because the City owns the Improvements and plaintiff uses them for a valid public purpose, plaintiff has carried its burden of demonstrating that the Improvements are not taxable to plaintiff or the City for 1988 or 1989.

Defendant’s Evidence

Once the plaintiff has met its burden, it is incumbent upon the party moved against to present admissible evidence which shows that there is a genuine issue of material fact remaining to be resolved that would require a trial. See Landers v. Milton, supra. The defendant Page has relied upon an Affidavit he submitted to the Court. Portions of Page’s affidavit are directly contrary to his deposition testimony (and to the action Page undertook by submitting the 1989 tax to the City). Also, certain portions of Page’s affidavit concern his opinion on matters which he is not competent to testify and would, therefore, not be admissible evidence. The Court finds that the Affidavit failed to present any evidence requiring a trial:
1) Paragraph 4 states that the Improvements are owned by plaintiff pursuant to the Lease with the City. The interpretation of a contract such as the Lease is a question of law for the Court. Defendant’s legal opinion does not create a disputed issue of fact. The Court has held above that under the Lease and the law the City is the owner of the Improvements.
2) Paragraph 5 suggests that plaintiff is the owner of the Improvements because it claimed depreciation expense on the Improvements. No evidence has been presented to the court to suggest that the defendant Page is competent to opine on federal tax laws. Further, the affidavit of Mr. Tanzler, a Florida Bar certified tax attorney with an L.L.M. in taxation, correctly points out that federal tax laws allow a tenant to depreciate a tenant’s costs associated with a leasehold interest, an intangible asset, which no requirement that the tenant “own” the tangible property constructed by the tenant as improvements to that leasehold.
3) Paragraph 6 states that under the terms of plaintiff’s mortgage, utilized to obtain financing to construct the Improvements, plaintiff represented “it owned the improvements on the property in question.” The interpretation of the mortgage, which the court has reviewed, is a matter of law for the Court. The mortgage itself makes *524 no such representation, but instead clearly and unequivocally recites in numerous paragraphs that plaintiff is the owner of a leasehold interest only in the property.
4) Paragraph 8 states that certain documents involving the financing for construction of the Improvements show that the “financial package was arranged for the federal income tax benefit of [plaintiff].” These documents constituting the “financial package” are bond documents generated under the authority of the Ocean Highway and Port Authority pursuant to the provisions of Chapter 159, Part II, Florida Statutes (Florida Industrial Development Financing Act). By statutory requirement such financing is only available when the issuance of such industrial development bonds will serve a public purpose. Additionally, the Court’s review of the relevant bond documents demonstrates nothing therein which negates the existence of a landlord-tenant relationship which the Court has found by virtue of the Lease and the relationship of the parties. Defendant Page is not competent to testify as to the intent of parties to agreements to which he was not a party; nor is Page competent to interpret the legal ramifications of industrial revenue financing. Additionally, whether or not the financing was designed to provide a federal income tax benefit to plaintiff is totally irrelevant to the issues presented in this case.
5) Paragraph 9 points out that the Lease requires the plaintiff to pay all taxes assessed against the property. This Lease provision has no relevance to the issues before the Court since it assumes the validity of the tax, the very matter before this Court in this case.
6) The gravamen of the Page affidavit appears to be paragraph 7 wherein Page states that he “does not consider the operation of a marina for profit by a non-governmental entity to be a public purpose.” In his deposition testimony, Page testified that, as a life long resident of Nassau County, he was aware that plaintiff’s use of the Improvements was identical to that of the City’s prior to the Lease. During the City’s operation of the marina Page never assessed the property or its improvements with an ad valorem tax.
The statute clearly and unambiguously states that property leased by a municipality to a non-governmental lessee is exempt from ad valorem taxation when that lessee utilizes the property for a valid public purpose. Page’s legal interpretation of Section 196.199(2)(a) turns on the fact that the marina is now operated by a private entity. Page’s view was stated more explicitly in his deposition testimony wherein he claimed that the case of City of Orlando v. Hausman, 534 So.2d 1183 (Fla. 5th DCA), rev. denied, 544 So.2d 199 (Fla. 1988), stands for the proposition that when there is a lease from a governmental entity to a private entity, the exemption allowed by Section 196.199(2)(a) is inapplicable. The court finds that this is an erroneous view of the law for several reasons.
First, in direct contrast to the undisputed facts in this case, the private entities involved in the Hausman case admitted that their use of the leased property was for private purposes. The district court of appeal found this to be dispositive of the statutory question of public purpose. Second, as the court in Hausman correctly pointed out, the inquiry as to whether an exemption under the statute applies is to be governed by the use of the subject property and not by the institutional character of the entity using the property: “A right of exemption ... is to be determined by the use to which the property is put in the ownership of the property.” 534 So.2d at 1184 (quoting Orlando Utilities Commission v. Milligan, 229 So.2d 262 (Fla. 4th DCA 1969), cert. denied, 237 So.2d 539 (Fla.1970)).
Accordingly, the Court finds that the plaintiff has carried its burden of establishing the absence of any disputed material fact, the defendant Page has failed to present any competent evidence showing that there is a factual dispute, and that plaintiff has shown it is entitled to a judgment as a matter of law. For this reason, the Court finds that the assessments and tax for 1988 and 1989, as alleged in Counts II and VI of plaintiff’s Amended Complaint, are invalid *525 and that the Improvements are entitled to the exemption from ad valorem taxation provided in Section 196.199(2)(a).

Counts III and VII: Intangible Taxation

Plaintiff has alleged in Counts III and VII that it is subject to the intangible tax on its leasehold interest as provided in Section 199.023(l)(d), but is not subject to ad valorem taxation. The Court agrees, and notes that the effect of this is that plaintiff will not escape taxation.
The Court’s holding on Counts II, III, VI and VII eliminates the need to address plaintiffs Counts I and V, challenging the constitutionality of the subject assessments and tax, and Counts IV and VIII, which challenge the methodology employed by Page in calculating the amount of tax due.
IT IS THEREFORE ORDERED AND ADJUDGED:
1. The assessment and tax of the Improvements for the years 1988 and 1989 are hereby declared void as to plaintiff and the City since the exemption provided in Section 196.199(2)(a) applies to the use of the Improvements.
2. Plaintiff is subject to the intangible tax on its leasehold interest.
3. Counts I, IV, V and VIII of plaintiff’s Amended Complaint are rendered moot by this ruling.
AFFIRMED.
MINER and ALLEN, JJ., concur.