623 So.2d 541 (1993)
The SEBRING AIRPORT AUTHORITY and Sebring International Raceway, Inc., Appellants,
v.
C. Raymond McINTYRE, Property Appraiser of Highlands County, Florida; the Department of Revenue, State of Florida; and J.T. Landress, Tax Collector of Highlands County, Florida, Appellees.
No. 92-04403.
District Court of Appeal of Florida, Second District.
July 30, 1993.
Rehearing Denied September 1, 1993.
Paul R. Pizzo and Hala A. Sandridge of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellants.
Larry E. Levy, Tallahassee, for appellee C. Raymond McIntyre, as Property Appraiser for Highlands County, Florida.
Robert A. Butterworth, Atty. Gen., and Ralph R. Jaeger, Asst. Atty. Gen., Tallahassee, for appellee Dept. of Revenue, State of Fla.
CAMPBELL, Judge.
Appellants, The Sebring Airport Authority and Sebring International Raceway, Inc., challenge the final summary judgment entered against them in their action against appellees, Raymond McIntyre, the Highlands County Property Appraiser; the Department of Revenue; and J.T. Landress, Highlands County Tax Collector. Appellants, relying on section 196.199, Florida Statutes (1989), had requested and been denied a public purpose exemption from ad valorem taxation for the property used by the raceway. We affirm.
The pertinent parts of section 196.199 provide as follows:
(2) Property owned by the following governmental units but used by nongovernmental lessees shall only be exempt from taxation under the following conditions:
(a) Leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities ... shall be exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in Section 196.012(6).
In affirming, we rely upon Capital City Country Club, Inc. v. Tucker, 613 So.2d 448 *542 (Fla. 1993) and Volusia County v. Daytona Beach Racing and Recreational Facilities Districts, 341 So.2d 498 (Fla. 1976), dismissed, 434 U.S. 804, 98 S.Ct. 32, 54 L.Ed.2d 61 (1977). In Volusia County, the supreme court held as follows:
Other statutory provisions exempt privately held leaseholds of governmental property from taxation "only when the lessee," Section 196.199(2)(a), Florida Statutes (1975), "is demonstrated to perform a function or serve a governmental purpose which could properly be performed or served by an appropriate governmental unit, or . . [sic] which would otherwise be a valid subject for the allocation of public funds." Section 196.012(5), Florida Statutes (1975). The lessee in the present case does not serve a governmental purpose. The Corporation's operation of the speedway "is purely proprietary and for profit." Williams v. Jones, 326 So.2d 425, 433 (Fla. 1975) (reh. den. 1976). The Corporation exists in order to make profits for its stockholders and uses the leasehold to further that purpose. This use is determinative: "It is the utilization of leased property from a governmental source that determines whether it is taxable under the Constitution." Straughn v. Camp, [293 So.2d 689 (Fla. 1974)] supra, at 695.
The burden is on the claimant to show clearly any entitlement to tax exemption. "The rule is that all property is subject to taxation unless expressly exempt and such exemptions are strictly construed against the party claiming them. State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381 (Fla. 1958)." Williams v. Jones, supra, at 435. Mr. Justice Sundberg, writing for the Court in Williams v. Jones, supra, delineated the scope of the exemption at issue here in the following words:
The exemptions contemplated under Sections 196.012(5) and 196.199(2)(a), Florida Statutes, relate to "governmental-governmental" functions as opposed to "governmental-proprietary" functions. With the exemption being so interpreted all property used by private persons and commercial enterprises is subjected to taxation either directly or indirectly through taxation on the leasehold. Thus all privately used property bears a tax burden in some manner and this is what the Constitution mandates.
At 433.
Operating an automobile racetrack for profit is not even arguably the performance of a "governmental-governmental" function.
341 So.2d at 502 (emphasis in original).
Appellants, however, rely upon Page v. Fernandina Harbor Joint Venture, 608 So.2d 520 (Fla. 1st DCA 1992), rev. denied, 620 So.2d 761 (Fla. May 6, 1993). Page, which does not refer to Volusia County and was prior to the decision in Capital City, does appear to be contra to the holdings in those cases and we are unable to properly distinguish Page. We are bound by the decisions of our supreme court which appear to us to be on point. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Inasmuch as the supreme court in Volusia County has held that "[o]perating an automobile racetrack for profit is not even arguably the performance of a `governmental-governmental' function," we are prohibited from holding otherwise.
Affirmed.
FRANK, C.J., and THREADGILL, J., concur.