636 So.2d 83 (1994)
J.W. MIKOS, Property Appraiser, Sarasota County, Appellant,
v.
CITY OF SARASOTA, a municipal corporation, Appellee.
No. 93-00111.
District Court of Appeal of Florida, Second District.
March 25, 1994.
Rehearing Denied April 27, 1994.
*84 Robert K. Robinson and John C. Dent, Jr., Dent, Cook & Weber, Sarasota, for appellant.
Sarah A. Schenk, Taylor, Lawless and Singer, P.A., Sarasota, for appellee.
SCHOONOVER, Judge.
The appellant, J.W. Mikos, Property Appraiser for Sarasota County, Florida, challenges a final summary judgment in favor of the appellee, The City of Sarasota. We find that the trial court erred by holding that certain property owned by Sarasota was exempt from ad valorem tax for the 1990 tax year, and we, accordingly, reverse.
The property involved in this litigation consists of certain land acquired by the City of Sarasota from the Trustees of the Internal Improvement Fund in 1964. The property was dedicated for municipal park and recreational purposes and according to the dedication could be used for, among other things, docks, a marina, and a food service facility. The city was allowed to lease the facilities built or to be built on the property.
At all times material to this action, the property was leased to Jack Graham, Inc., and used as a commercial marina. When the original lease was executed, it permitted the construction, maintenance, and operation of a marina for use by boats and other water craft. All improvements to the real property became the property of the city. The lessee was entitled to lease the docks and slips to the general public and to conduct a gas and fuel dispensing operation. The lease also gave the lessee a number of secondary privileges which allowed him to sell marine hardware, fishing tackle and bait, beverages, and to provide laundry facilities.
Under the existing lease which expires at midnight on the 31st day of July 2004, Graham is responsible for all property taxes levied upon the premises by any governmental body or agency, including the city. In addition to the cost of improvements which became the property of the city, Graham is required to pay a percentage of the gross receipts from all operations to the city.
In the lease itself, the Sarasota City Commission expressly found that the installation of a pier, docks, and marina related facilities would afford a public service to the residents of Sarasota in their pursuit of public recreation. The city also made a finding that it was intended that the facility would serve the economic welfare of all the inhabitants of the city by virtue of the aforesaid as well as by virtue of being an attraction to visitors and tourists and to the inhabitants of the City of Sarasota.
This controversy began when the property appraiser determined that the property had an assessed value of $1,699,200.00 and placed that value on the 1990 tax roll. After the property appraiser denied the city's request for an exemption, the city sought relief from the Sarasota County Property Appraisal Adjustment Board. The board granted the city's request for a 100% exemption from taxation on only that portion of the city's property which included submerged land and the improvements constructed thereon. The property appraiser then appealed the board's decision by filing an action in the circuit court. He requested that an injunction be issued restoring the subject parcel to the 1990 tax roll. Graham was allowed to intervene. After the action was at issue, both parties moved for a summary judgment. The trial court entered a summary judgment in favor of the city and after the property appraiser's motion for rehearing was denied, he filed a timely notice of appeal.
The property appraiser takes the position that municipal property leased to a nongovernmental lessee is subject to ad valorem taxation unless it can be demonstrated that the lessee serves or performs a governmental, municipal, or public purpose or function, or the property is used exclusively for literary, scientific, religious, or charitable purposes. He contends that the lessee, Graham, does not serve or perform a governmental, municipal, or public purpose or function, *85 and that the property is not entitled to an exemption for any other reason.
The city, on the other hand, contends that under section 196.199(2) and section 196.012(6), Florida Statutes (1989), the use of the land by Graham for the leasing of docks to the general public is a municipal park and recreational purpose and clearly a governmental function. We reject the city's contention and agree with the property appraiser.
Property owned by municipalities but leased to nongovernmental lessees is only exempt from taxation under certain conditions. § 196.199(2). Such property is exempt from ad valorem taxes if the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in section 196.012(6). The property is also exempt if it is used exclusively for literary, scientific, religious, or charitable purposes. § 196.199(2)(c). In this case it is clear and the city does not contend otherwise, that the property is not used for literary, scientific, religious, or charitable purposes. It is, therefore, only necessary for us to consider if Graham serves or performs a governmental, municipal, or public purpose or function under section 196.199(2)(a). We find that he does not.
Section 196.012(6) provides that a governmental, municipal, or public purpose or function is served or performed when a lessee performs a function or serves a governmental purpose which could properly be performed or served by an appropriate governmental unit or performs a function or serves a purpose which would otherwise be a valid subject for the allocation of public funds.
We realize that the Trustees of the Internal Improvement Fund dedicated the subject property for municipal park and recreational purposes, and that the city found in the lease that the use of the property pursuant to the lease would afford a public service to the residents of the city and that the facility would serve the economic welfare of all the inhabitants of the city. It is not, however, what the trustees want the property to be used for, or what the city declares a lease will do for the city, that determines if property is taxable. See Volusia County v. Daytona Beach Racing & Recreational Facilities Dist., 341 So.2d 498 (Fla. 1976), appeal dismissed, 434 U.S. 804, 98 S.Ct. 32, 54 L.Ed.2d 61 (1977). It is the utilization of property leased from a governmental source that determines whether it is taxable under the Constitution. Straughn v. Camp, 293 So.2d 689 (Fla. 1974), appeal dismissed, 419 U.S. 891, 95 S.Ct. 168, 42 L.Ed.2d 135 (1974); Volusia County.
Municipal property is not immune from taxation but it may be exempt under some circumstances. When a municipality claims an exemption, it has the burden to clearly show its entitlement to the exemption and any exemption must be construed against the property owner. Volusia County. Tax exemptions should not be based on the favoring of particular persons and corporations at the expense of taxpayers generally, but must be based on the accomplishment of public purposes. See Orlando Utils. Comm'n v. Milligan, 229 So.2d 262 (Fla. 4th DCA 1969), cert. denied, 237 So.2d 539 (Fla. 1970). The city has not met its burden of showing its entitlement to an exemption in this case.
Exemptions from ad valorem taxes in cases where municipalities lease property to nongovernmental entities relate only to governmental-governmental functions. Williams v. Jones, 326 So.2d 425 (Fla. 1975), appeal dismissed, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976). The court in Williams said with the exemption being so interpreted all property used by private persons and commercial enterprises is subject to taxation either directly or indirectly through taxation on the leasehold. In this case Graham's operation of the marina, docks, and other related facilities was purely proprietary and for profit. See Williams.
In Sebring Airport Auth. v. McIntyre, 623 So.2d 541 (Fla. 2d DCA 1993), cert. granted, 632 So.2d 1027 (Fla. 1994), this court relied upon the supreme court's decision in Volusia County. The court in Volusia County said operating an automobile racetrack for profit is not even arguably the performance of a governmental-governmental function. Relying on that decision we affirmed the imposition of ad valorem taxes on a corporation *86 that operated a raceway. That corporation, as well as Graham's, exists in order to make profits for its stockholders and uses the leasehold to further that purpose. Since Graham performs a governmental-proprietary function under the lease, the property is subject to ad valorem taxes and should be placed back on the 1990 tax roll.
We realize that our sister court in Page v. Fernandina Harbor Joint Venture, 608 So.2d 520 (Fla. 1st DCA 1992), rev. denied, 620 So.2d 761 (Fla. 1993), held that city property leased to a nongovernmental organization for the operation of a marina was exempt from ad valorem taxes. In Page, however, the lease was entered into in connection with the issuance of revenue bonds under the Florida Industrial Development Financing Act which allows financing only when the issuance of bonds will serve a public purpose. Ch. 159, pt. II, Fla. Stat. (1989). The court's opinion does not inform us of the nature of the improvements built for the city, the length of the lease in comparison to the term of the bonds or any of the other significant details concerning the lease, the bonds, the mortgage executed by the nongovernmental agency, or other aspects of the financial package. Without this information we cannot determine if the holding of the court in Page is in conflict with this court's decision in Sebring. It does appear, however, that the Page decision is opposed to two cases we relied upon in Sebring. As we said in Sebring, to the extent it is in conflict with Page we must rely upon Capital City Country Club, Inc. v. Tucker, 613 So.2d 448 (Fla. 1993), and Volusia County.
We reverse and remand for proceedings consistent herewith.
FRANK, C.J., and CAMPBELL, J., concur.