642 So.2d 1072 (1994)
The SEBRING AIRPORT AUTHORITY, et al., Petitioners,
v.
C. Raymond McINTYRE, etc., et al., Respondents.
No. 82489.
Supreme Court of Florida.
August 11, 1994.
Rehearing Denied October 5, 1994.
Hala A. Sandridge, Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for petitioners.
Larry E. Levy, Law Offices of Larry E. Levy, on behalf of C. Raymond McIntyre, Property Appraiser, and Robert A. Butterworth, Atty. Gen. and Ralph R. Jaeger, Asst. Atty. Gen., Tax Section, on behalf of Dept. of Revenue, Tallahassee, for respondents.
Robert K. Robinson and John C. Dent, Jr., Dent, Cook & Weber, Sarasota, amicus curiae, for John W. Mikos, Property Appraiser of Sarasota County.
SHAW, Justice.
We have for review Sebring Airport Authority v. McIntyre, 623 So.2d 541 (Fla. 2d DCA 1993). We have jurisdiction. Art. V, § 3(b)(3) Fla. Const. We approve the decision of the court below.
Sebring Airport Authority is a legislatively-created public instrumentality. Ch. 67-2070, § 2, at 4238, Laws of Fla. From the late 1970s to 1991, the Authority promoted *1073 and operated an automobile race, the "Twelve Hours of Sebring" (Race), on real property it owns in Highlands County, Florida. In 1991, to alleviate financial difficulties and continue the race, the Authority entered into a lease agreement with Sebring International Raceway (Raceway), a for-profit corporation. The agreement required Raceway to assume the Authority's promotion and operation of the Race. During the 1991 tax year, the Highlands County Property Appraiser assessed and levied an ad valorem real estate tax on the real property and improvements leased by Raceway from the Authority. Asserting that the property was being used to further a public purpose, Raceway sought an exemption from the taxes under section 196.199(2)(a), Florida Statutes (1991). The trial court denied the exemption, and entered summary judgment for the county. The district court affirmed. The Authority and Raceway, as co-petitioners, ask us to quash the decision below.
Generally, all property is subject to taxation unless expressly exempt and such exemptions are strictly construed against the party claiming them. Volusia County v. Daytona Beach Racing and Recreational Facilities District, 341 So.2d 498, 502 (Fla.), appeal dismissed, 434 U.S. 804, 98 S.Ct. 32, 54 L.Ed.2d 61 (1977); Williams v. Jones, 326 So.2d 425, 435 (Fla. 1975).
The exemption relied upon by petitioners is found in section 196.199(2)(a), Florida Statutes (1991), which provides, in part, that:
(2) Property owned by the following governmental units but used by nongovernmental lessees shall only be exempt from taxation under the following conditions:
(a) Leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities, agencies, authorities, and other public bodies corporate of the state shall be exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in s. 196.012(6).
Section 196.012(6) defines public purpose or function as follows:
(6) Governmental, municipal, or public purpose or function shall be deemed to be served or performed when the lessee under any leasehold interest created in property of the United States, the state or any of its political subdivisions, or any municipality, agency, authority, or other public body corporate of the state is demonstrated to perform a function or serve a governmental purpose which could properly be performed or served by an appropriate governmental unit or which is demonstrated to perform a function or serve a purpose which would otherwise be a valid subject for the allocation of public funds.
The instant case is similar to Volusia, in which we found that "[o]perating an automobile racetrack for profit is not even arguably the performance of a `governmental-governmental' function." 341 So.2d at 502. Our finding in Volusia was premised on Williams, which limits the exemptions in sections 196.012(6) and 196.199(2)(a) to governmental-governmental functions:
The exemptions contemplated under Sections 196.012(5) [now 196.012(6)] and 196.199(2)(a), Florida Statutes, relate to "governmental-governmental" functions as opposed to "governmental-proprietary" functions. With the exemption being so interpreted all property used by private persons and commercial enterprises is subjected to taxation either directly or indirectly through taxation on the leasehold. Thus all privately used property bears a tax burden in some manner and this is what the Constitution mandates.
Williams, 326 So.2d at 433.
Raceway does not dispute that it is a for-profit corporation. Raceway instead argues that under the authority of Page v. Fernandina Harbor Joint Venture, 608 So.2d 520 (Fla. 1st DCA 1992), a governmental lease to a nongovernmental lessee is exempt from ad valorem taxation if the lessee serves a public purpose, regardless of the for-profit motive. We disagree.
Serving the public and a public purpose, although easily confused, are not necessarily *1074 analogous. A governmental-proprietary function occurs when a nongovernmental lessee utilizes governmental property for-proprietary and for-profit aims.[1] We have no doubt that Raceway's operation of the racetrack serves the public, but such service does not fit within the definition of a public purpose as defined by section 196.012(6). Raceway's operating of the race for profit is a governmental-proprietary function; therefore, a tax exemption is not allowed under section 196.199(2)(a). We disapprove Page v. Fernandina Harbor Joint Venture, 608 So.2d 520 (Fla. 1st DCA 1992) to the extent that it may be read to grant ad valorem tax exemption to a nongovernmental lessee of governmental property that uses such property for governmental-proprietary purposes. The decision of the court below is approved.
It is so ordered.
GRIMES, C.J., OVERTON, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Proprietary functions promote the comfort, convenience, safety and happiness of citizens, whereas government functions concern the administration of some phase of government. Black's Law Dictionary 1219 (6th ed. 1990).