DAVIS, Judge.
Robert Turner, the Hillsborough County Property Appraiser, appeals the final summary judgment entered in favor of Concorde Properties which found that Concorde’s use of certain property as a public golf course entitled it to a “public purpose” ad valorem property tax exemption for the years 1997 and 1998. We disagree with the trial court and reverse.
At issue is whether a public golf course, situated on publicly owned property, but operated by a private for-profit business entity, is entitled to a “public purpose” exemption from ad valorem taxes pursuant to section 196.199(2)(a), Florida Statutes (1997), which provides as follows:
(2) Property owned by the following governmental units but used by nongovernmental lessees shall only be exempt from taxation under the following conditions:
(a) Leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities, agencies, authorities, and other public bodies corporate of the state shall be exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in s. 196.012(6).
Section 196.012(6) defines “public purpose” as one which “could properly be performed or served by an appropriate governmental unit” or “which would otherwise be a valid subject for the allocation of public funds.”
The Hillsborough County Aviation Authority, a public body created by the Florida Legislature, owns the subject property and leased it to Concorde, a private, for-profit business entity. During the disputed tax years, Concorde operated a public golf course on the property, which Concorde believed entitled it to a public purpose ad valorem tax exemption. On review, however, Turner determined that even though the golf course was open to the public and the property was publicly owned, the golf course was not entitled to the “public purpose” exemption because the operator of the golf course, Concorde, was a for-profit business.
Turner denied Concorde the exemption for the tax years 1997 and 1998, and Concorde filed suit in circuit court pursuant to section 194.171, Florida Statutes (1997). Both Turner and Concorde moved for summary judgment. The trial court granted Concorde’s motion, finding that there were no disputed issues of material fact and that Concorde was entitled to judgment as a matter of law. The court found that since the golf course was open to the public, regardless of the for-profit nature of Concorde, its operator, the golf course met the statutory definition of “public purpose” and was thus entitled to the exemption.
The Florida Supreme Court has spoken to this issue. In considering the nature of “public purpose” as it relates to tax exemption, the Florida Supreme Court made a clear distinction between governmental-governmental functions, which are exempt, and governmental-proprietary functions, which are not exempt: “Serving the public and a public purpose, although easily confused, are not necessarily analogous. A governmental-proprietary function occurs when a nongovernmental lessee utilizes governmental property for-proprietary *167 [sic] and for-profit aims.” Sebring Airport Auth. v. McIntyre, 642 So.2d 1072, 1073-74 (Fla.1994). The court found that such “proprietary” functions, which it defined as those designed to “promote the comfort, convenience, safety and happiness of citizens,” did not fit within the “public purpose” exemption. Id. at 1074, n. 1.
The Florida Supreme Court recently reiterated its position on this issue in Sebring Airport Authority v. McIntyre, 783 So.2d 238 (Fla.2001), when it declared the legislature’s 1994 amendment to section 196.012(6), Florida Statutes (1994), unconstitutional. The amendment had been an attempt to allow a “public purpose” exemption for convention centers, visitor centers, sports facilities with permanent seating, concert halls, stadiums, parks, and municipal beaches, even if such facilities were operated by a for-profit nongovernmental lessee, so long as they were open to the public, with or without charge. The Florida Supreme Court found the amendment unconstitutional, noting that the standard applicable in tax exemption cases involving private leaseholds is the “governmental-governmental” standard: “Pursuant to this ‘governmental-governmental’ standard, article VII, section 3(a) does not permit municipal property leased to private entities for governmental-proprietary activities to be tax exempt; rather, article VII, section 4, requires property so used to be subject to ad valorem tax.” Sebring Airport Auth. v. McIntyre, 783 So.2d 238, 248 (Fla.2001).
Applying this analysis to the facts in the instant case, we conclude that the trial court erred in granting summary judgment to Concorde. Concorde was not entitled to judgment as a matter of law since the operation of a golf course by a for-profit business falls within the definition of the governmental-proprietary operation, which is, by definition, not a “public purpose” and is not entitled to an ad valorem tax exemption as defined by the Florida Supreme Court. Accordingly, we conclude that Concorde is not entitled to the “public purpose” ad valorem tax exemption and that the trial court erred in granting judgment in Concorde’s favor. Upon remand, the trial court should enter final summary judgment in favor of Turner.
Reversed and remanded with instructions.
PARKER and WHATLEY, JJ„ Concur.