PER CURIAM.
 

 Anthony P. LaRose and the University of Tampa appeal a nonfinal order granting A.K.’s motion to enforce temporary injunction. We reverse.
 

 The order on appeal arises from the ongoing proceedings described more completely in this court’s opinion for case number 2D08-1996, issued concurrently with this opinion. In that case we affirmed the initial order granting a temporary injunction, holding that substantial competent evidence supported the trial court’s findings and that the relief granted was appropriate in a preliminary injunction. That order prevented the University of Tampa from “using, enforcing, publishing, promulgating, or otherwise employing” its finding that A.K., a student, committed “plagiarism” and required the University of Tampa to temporarily remove evidence of the plagiarism finding and its impact upon A.K.’s grade from her file.
 

 A.K. subsequently filed a motion to enforce that temporary injunction, claiming that the University had not complied with the trial court’s order. The court granted the motion as follows:
 

 
 *78
 
 ORDERED AND ADJUDGED that Plaintiffs Motion to Enforce Temporary Injunction and for Related Relief is granted to the extent that The University of Tampa is ordered to cause the Plaintiffs academic record to have no reference to the course CRM 321 using the procedure of “dropping” the course, so that her academic record and transcript will be recalculated without reference to those course hours or grade.
 

 “A preliminary injunction is improperly entered when it bypasses the procedures for a permanent injunction and preliminarily grants the same relief that would have been given in a final order of permanent injunction.”
 
 Charlotte County v. Vetter,
 
 863 So.2d 465, 469 (Fla. 2d DCA 2004). This order improperly expands upon the initial temporary injunction to provide A.K. with permanent injunctive relief. It requires the University of Tampa not only to remove the charge of plagiarism from her record but expressly requires the University to “drop” the course and recalculate her grade as if she had never taken the course in the first place. There is no further injunctive relief the trial court could grant A.K. in a subsequent permanent injunction. Accordingly, we reverse the order on appeal and remand for proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and ALTENBERND and DAVIS, JJ., Concur.