GERSTEN, J.
(dissenting).
I respectfully dissent for two reasons. First, Wal-Mart Stores East, LP (“Wal-Mart”) satisfied the requirements for the temporary injunction. Second, the temporary injunction is now moot. Therefore, I would affirm.
This controversy arose out of a failed contract to purchase land. Wal-Mart contracted to purchase land used as a trailer park from Biscayne Park, LLC (“Biscayne”). The contract permitted Wal-Mart to conduct a due diligence inspection on the land and to terminate the contract prior to closing if, after due diligence, Wal-Mart did not want to purchase the land.
Before closing on this contract, Wal-Mart engaged in its due diligence. Part of this due diligence was to drill monitoring wells to test the groundwater for possible contamination. Wal-Mart installed and paid for these monitoring wells. After eight months of sampling the groundwater, Wal-Mart determined that the groundwater and soil had widespread contamination. Therefore, pursuant to the contract’s terms, Wal-Mart backed out of the contract.
After backing out of the contract, Wal-Mart notified Biscayne that it planned to abandon and discontinue the use of the monitoring wells, which if left unsealed are a safety or environmental hazard. Sealing the monitoring wells was the final part of due diligence and was required under Florida and local laws. See § 62-770.200(31), (41), Fla. Adm.Code (2006). Therefore, Wal-Mart requested access to the land to seal the abandoned monitoring wells, but Biscayne refused and instead continued to use Wal-Mart’s monitoring wells for groundwater sampling.
Thereafter, Wal-Mart sought this temporary injunction to seal the abandoned monitoring wells. The trial court granted the temporary injunction to seal the abandoned monitoring wells and return the land to status quo before the contract. This appeal followed.
The trial court did not abuse its discretion in granting the temporary injunction because the requirements for issuing one were satisfied. Trial courts have wide discretion in granting or denying a temporary injunction, and appellate courts will not interfere with the exercise of such discretion unless the party challenging the grant or denial clearly shows an abuse of discre *28 tion. See Briceño v. Bryden Invest., Ltd., 973 So.2d 614, 616 (Fla. 3d DCA 2008).
Applying the abuse of discretion standard, there are four well-established requirements for issuing a temporary injunction: (1) the likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) that the threatened injury to the petitioner outweighs any possible harm to the respondent; and (4) the entry of the injunction will not disserve the public interest. See LaRose v. A.K., 32 So.3d 77 (Fla. 2d DCA 2009).
On the first requirement, Wal-Mart demonstrated irreparable injury because third parties’ use of the open wells would exacerbate groundwater contamination of the land, making Wal-Mart liable for past and future contamination. Wal-Mart also demonstrated the unavailability of an adequate remedy at law because money does not compensate for contamination and spoliation of our natural resources. I note that this contamination adversely affects everyone in our community and our future generation’s children and children’s children.
Next, Wal-Mart established its likelihood of success on the merits because the open, unsealed monitoring wells are permanent fixtures that are outside Wal-Mart’s control unless they are closed and sealed. See Sears Roebuck & Co. v. Bay Bank & Trust Co., 537 So.2d 1041 (Fla. 1st DCA 1989). Further, and amazingly, the threatened land contamination injury outweighs any possible harm to Biscayne in allowing Wal-Mart back onto the land to seal the monitoring wells.
Finally, and perhaps paramount, the temporary injunction serves the public interest. The injunction serves the public interest because it prevents further contamination through the monitoring wells.
Therefore, the trial court properly and responsibly granted the temporary injunction on legal, apparent environmental concerns. The trial court was well within its discretion in protecting Wal-Mart from liability for the environmental damage. Moreover, the trial court acted responsibly to protect against further damage to our over-indulged, over-taxed, and under-protected environment. In fact, I feel that a reversal in these circumstances is a slap in the face to a hardworking trial judge who was only doing his job ... well.
Further, the need for the temporary injunction is no longer present. In January 2009, pursuant to the temporary injunction, Wal-Mart entered the property and sealed the monitoring wells. Thus, the need for the temporary injunction is moot because the parties are returned to the status quo ante-contract.
Accordingly, because Wal-Mart satisfied the requirements for the temporary injunction and the issue is now moot, I respectfully dissent. On an end note, I regret the expenditure of paper resources used in the writing of both the majority and dissent, but reiterate that I would affirm the order granting Wal-Mart’s verified motion for temporary injunction.