229 So.2d 262 (1969)
ORLANDO UTILITIES COMMISSION, a Statutory Commission Created Pursuant to the Laws of Florida, and City of Orlando, a Municipal Corporation, Appellants,
v.
James MILLIGAN, Orange County Tax Assessor, Earl K. Wood, Orange County Tax Collector, and Fred O. Dickinson, Comptroller of the State of Florida, Appellees.
No. 1737.
District Court of Appeal of Florida. Fourth District.
October 31, 1969.
Rehearing Denied January 8, 1970.
*263 David W. Roquemore, Jr., of Gurney, Gurney & Handley, Orlando, for appellants.
Frederick J. Ward, of Giles, Hedrick & Robinson, Orlando, for appellees.
MOORE, JOHN H., II, Associate Judge.
This is an appeal from a final judgment of the Circuit Court of Orange County, Florida, in favor of the appellees, defendants below. Appellants, who were plaintiffs below, are the Orlando Utilities Commission (Utility), a statutory commission of the City of Orlando, Florida, created and organized pursuant to Chapter 9861, Laws of Florida, 1923, and the City of Orlando, a municipal corporation.
In 1965 the Orange County Tax Assessor assessed certain real property owned by Utility for ad valorem taxes and certified the assessment to the Tax Collector who billed the Utility for taxes in the amount of $2,357.22. Plaintiffs then filed this action for declaratory relief to determine the tax exempt status of the subject property. Final judgment was entered after the trial court granted the defendants' motion for a directed verdict at the close of all the evidence.
At the time of the tax assessment and billing the subject property was owned by Utility. The Utility used the property as a recreation area for the exclusive use of its employees and their families. The subject property had recreational facilities on it consisting of a recreational hall, a swimming area, a boat ramp, picnic tables, and barbeque pits. The public was excluded, without exception, from any use or enjoyment of that property. The property was located several miles from Utility's operating facilities.
The Florida Constitution of 1885, F.S.A., contains the following provisions relating to tax exemptions:
Article IX, Section 1:
"The Legislature shall provide for a uniform and equal rate of taxation * * and shall prescribe such regulations as shall secure just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes."
Article XVI, Section 16:
"The property of all corporations * * (with certain exceptions) * * * shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes."
To implement the foregoing provisions of the Constitution the legislature has enacted the following statutes:
Section 192.06, F.S. 1965, F.S.A.:
"Property Exempt from Taxation: The following property shall be exempt from taxation:
"* * *
"(2) All public property of the several counties, cities, villages, towns and school districts in this state, used or intended for public purposes, including both real and personal property of all fire, hose and hook and ladder companies, except lands sold for taxes for the use of any *264 counties, cities, villages, towns or school districts; and including all property of municipally owned and operated public utilities held and used exclusively for municipal purposes."
Section 192.52, F.S. 1965, F.S.A.:
"Tax Exemption, Municipal Public Utilities: The real and personal property of municipally owned and operated public utilities held and used exclusively for municipal purposes shall not be subject to ad valorem or personal property taxes."
Since Utility is a municipally owned and operated public utility, its real property is exempt from ad valorem taxation if the property is held and used exclusively for municipal purposes. This is an "exemption" only, not an "immunity" from taxation. Exemption presupposes the existence of a power to tax whereas immunity connotes the absence of that power. The state and its political subdivisions, like a county, are immune from taxation since there is no power to tax them. Park-N-Shop, Inc. v. Sparkman, Fla. 1957, 99 So.2d 571. A municipality can be taxed but may be exempt if it meets the statutory criteria for exemption.
The Florida Supreme Court held in Maxcy, Inc. v. Federal Land Bank of Columbia, 1933, 111 Fla. 116, 150 So. 248 and 151 So. 276:
"The principle has been more than once affirmed in this state that the Constitution must be construed as a limitation upon the power of the Legislature to provide for the exemption from taxation of any classes of property except those particularly mentioned classes specified in the organic law itself."
It is further stated in the Maxcy case that statutes granting exemptions should be strictly construed.
A right of exemption is not to be determined altogether by the character of the institution which owns and uses the property, but it is to be determined by the use to which the property is put in the ownership of the property. Hillsborough County Aviation Authority v. Walden, Fla. 1968, 210 So.2d 193; State ex rel. Burbridge v. St. John, Tax Assessor, 1940, 143 Fla. 544, 197 So. 131; University Club v. Lanier, 1935, 119 Fla. 146, 161 So. 78; 1943 Op.Atty.Gen. 063-146, Nov. 26, 1963. The utilization of the property, not the character or nature of its owner, is the major criterion to be used in determining an owner's liability or non-liability for taxes. In the instant case, there is no question that the subject property is municipally owned; the key issue is whether the use to which the property is put is to be considered for municipal purposes.
The furnishing of electricity, power and water is a municipal purpose. Gwin v. City of Tallahassee, Fla. 1961, 132 So.2d 273; Saunders v. City of Jacksonville, 1946, 157 Fla. 240, 25 So.2d 648. The exclusiveness of municipal purpose is not destroyed by a private benefit or use if it is incidental to the predominant municipal purpose. Gwin v. City of Tallahassee, supra; Daytona Beach Racing and Recreational Facilities District v. Paul, Fla. 1965, 179 So.2d 349.
In the Gwin case the Wakulla County Tax Assessor attempted to tax the city's electrical generating plants and electrical lines within that county on the basis that that property was serving private interests in Wakulla County in addition to serving the needs of Tallahassee. The Supreme Court held that the property was exempt as it was primarily for the use of Tallahassee and only incidentally used to serve private interests.
In the Daytona Beach case the Volusia County Tax Assessor attempted to tax a speedway owned by the city and leased to a private corporation. The Supreme Court held that the property was exempt as its primary purpose was to provide the city with a tourist attraction.
*265 In the Gwin and Daytona Beach cases the property sought to be taxed was the primary property being used to carry out the municipal purpose. In the instant case, the property being taxed is located many miles from the property upon which generating plants and other necessary power supply equipment are located. The subject property is not being used for the municipal purpose of supplying electricity to residents of Orlando; but rather, it is being used predominantly for recreation for the private benefit and use of the Utility's employees and their families.
The Utility claims there is a municipal purpose in using the subject property as it helps attract and retain quality employees. However, that purpose is not essential to the operation of Utility; at best, it would be an incidental municipal purpose.
The question is therefore whether or not the property involved in this suit is in truth and in fact held and used exclusively for a municipal purpose within the purview of § 1, Article IX and § 16, Article XVI of the Constitution of the State of Florida. As the subject property is used by Utility as a recreational area for the exclusive use of its employees and their families this question is answered in the negative. The use is primarily one of a private nature vis-a-vis public and tax exemptions should not be based on the favoring of particular persons and corporations at the expense of taxpayers generally, or granted on any idea of individual property owners, but are based on the accomplishment of public purposes, and are granted on the theory that they will benefit the public generally. Such is not the case here.
The trial court was correct in ruling that the plaintiffs did not meet the criteria necessary for exemption from ad valorem taxes. Therefore, finding no error, the judgment under review is hereby
Affirmed.
WALDEN and OWEN, JJ., concur.