QUESTIONS: 1. Does the City of North Miami have the authority to impose and collect ad valorem taxes on private interests leasing real property owned by: The State of Florida (and Florida International University); Dade County; the City of Miami; or private owners, when such property was formerly a part of Interama? 2. Does the City of North Miami have the authority to require occupational license taxes of private interests situated on lands owned by the parties listed above?
SUMMARY: The City of North Miami does have the authority to impose ad valorem taxes upon private leaseholds of publicly owned lands unless expressly exempted by law, and upon the fees of private owners whose land was formerly owned by Interama. The city may also impose occupational license taxes upon such lessees as provided in Ch. 205, F. S., unless exempted by law. Both questions are answered in the affirmative with the caveat that the questions and answers are both limited to the "authority" to tax and do not consider whether the lessee may be entitled to a tax exemption based upon its use of the property. AS TO QUESTION 1: The Florida Supreme Court has held that land owned and used by the state or by a county is immune from ad valorem taxation. Dickinson v. City of Tallahassee, 325 So.2d 1 (Fla. 1975); Hillsborough County Aviation Auth. v. Walden, 210 So.2d 193 (Fla. 1968); State ex rel. Charlotte County v. Alford, 107 So.2d 27 (Fla. 1958); Park-N-Shop v. Sparkman, 99 So.2d 571 (Fla. 1957). This immunity extends to stateowned lands within the state university system, including Florida International University. See ss. 20.15 and 240.031(2), F. S. The immunity also extends to lands previously owned by the Inter-American Center Authority (Interama) under Ch. 554, F. S. 1973, which are presently owned by the Department of Natural Resources under ss. 253.033 and 20.25(5), F. S. Land owned and used by municipalities for public purposes is exempt from ad valorem taxation under s. 3(a), Art. VII, State Const., and s.196.199(1)(c), F. S. When a private party purchases the fee interest in public land, however, the land's immunity or exemption by virtue of public ownership is lost, and the land becomes taxable unless exempt under some other provision of law. See s. 4, Art. VII, State Const., requiring a just valuation of all property for ad valorem taxation, and s. 196.001(1), F. S. The privately owned property described in your question 1 is neither immune nor exempt by virtue of having previously been owned by Interama. This property is taxable unless exempt under some other provision of law. Section 196.001(2), F. S., expressly authorizes taxation of leasehold interests in public property, unless such leaseholds are expressly exempted by law. That section reads: Property subject to taxation. — Unless expressly exempted from taxation, the following property shall be subject to taxation in the manner provided by law: * * * * * (2) All leasehold interests in property of the United States, of the state, or any political subdivision, municipality, agency, authority, or other public body corporate of the state. Notwithstanding that the leaseholder may qualify for an exemption by virtue of an appropriate use of the leasehold and upon meeting all conditions precedent, the power to tax is still present under the section cited. The right to an exemption necessarily presupposes the power to tax. See Dickinson v. City of Tallahassee, supra, at 3 (citing Orlando Utilities Comm'n v. Milligan, 229 So.2d 262, 264 [4 D.C.A. Fla., 1969], cert. denied237 So.2d 539 [Fla. 1970]). In order to treat this issue thoroughly and avoid confusion, I will discuss briefly leasehold exemptions. The uses for which a leasehold exemption may be obtained are set forth in s. 196.199(2), F. S. They include, in paragraph (a), the use by the lessee so as to serve a governmental, municipal, or public purpose or function, as defined in s. 196.012(5), F. S. These sections should be read in light of Williams v. Jones, 326 So.2d 425 (Fla. 1975) (discussed infra). Paragraph (b) allows an exemption for leaseholds to organizations which use the property exclusively for literary, scientific, religious, or charitable purposes. There is now a substantial body of case law upholding and interpreting these statutes. Under the authority of these cases, the taxability of the leasehold must rest upon the use to which it is put. See, e.g., Williams v. Jones, 326 So.2d 425 (Fla. 1975), in which private leaseholders on land owned by Escambia County were held to be outside the scope of these exemption provisions and, therefore, not entitled to an exemption. The uses in question, for private residential and commercial purposes, were held to be proprietary rather than governmental in nature; such proprietary uses, under Williams, cannot be said to be exempt from ad valorem taxing power. Decisions on this point prior to the Williams decision include Straughn v. Camp, 293 So.2d 689 (Fla. 1974); Dade County v. Pan American World Airways, 275 So.2d 505 (Fla. 1973); and Hertz Corp. v. Walden, 299 So.2d 121 (2 D.C.A. Fla., 1974), aff'd.320 So.2d 385 (Fla. 1975). Because your request does not specify the uses to which the leaseholds in question 1 are put, I cannot opine on whether they would be entitled to apply for exemption. The cases cited and others decided under s. 196.199(2), F. S., should be helpful as guidelines. Nevertheless, my conclusion as regards the taxing authority is unaffected by the cited exemption provisions. AS TO QUESTION 2: Municipal occupational license taxation is authorized by the Local Occupational License Tax Act, Ch. 205, F. S. Although that act recognizes certain exemptions from the license tax, none is allowed for occupations pursued by private lessees of public lands. The absence of such an exemption suggests that the taxing power can reach these interests. In fact, such a result may be compelled under the uniformity requirement of s.205.043(1)(a) and the constitutional guarantee of equal protection in Amendment XIV, U.S. Const. These requirements operate to prohibit discrimination within a taxed class, so that vulnerability to occupational license taxation should not depend upon the situs of the taxpayer within a jurisdiction. This conclusion does not diminish the immunities or exemptions from ad valorem taxation which are enjoyed by public bodies and certain of their lessees. The licensee, rather than the public owner, pays the tax. The license tax does not interfere with the public owner's ability to attract tenants or collect rent. There is no disharmony of function or purpose. The distinction between a license tax and a property tax is recognized in Gauden v. Kirk,47 So.2d 567, 572 (Fla. 1950), and 51 Am. Jur.2d Licenses and Permits s. 1. That distinction resides in the fact that a property tax imposes no condition or restriction, but is levied directly upon property, whereas a license tax is imposed upon the exercise of a privilege and its payment is a condition precedent to that exercise. It follows that the leaseholders in question 2 are not exempt from occupational license taxation by virtue of operating on publicly owned lands. The leaseholder in question 2 operating on privately owned land is likewise nonexempt.