QUESTION:
Is the franchise charge or fee imposed upon the Florida Gas Company pursuant to its franchise agreement with the City of St. Petersburg, and a proportionate part of which is separately stated on its bills rendered to the St. Petersburg Community College, a tax from which the college is immune?
SUMMARY:
A contractual franchise charge or fee imposed upon or exacted from a public utility by a municipality in consideration for special privileges granted the utility by the municipality and separately stated on bills rendered to the utility's customers is not a tax, but constitutes a part of the utility's operating costs and rate base, and a community college is not exempt or immune therefrom under existing constitutional and statutory law. The college must pay its proportionate share of such fee or operating costs as a part of the total charges for utility services rendered to and received by the college the same as any other public or private consumer of such services.
Your question is answered in the negative.
In AGO 075-231, I addressed a similar question and I concluded that a franchise charge or fee imposed upon a public utility by a local government for granting a franchise to a utility company furnishing utility services within the local government's territorial jurisdiction was not a franchise tax or any other form of tax, but rather a contractual fee or charge negotiated or contracted for by the local government for granting such franchise or special privilege to such utility company. In that opinion, I stated:
 Initially it should be noted that the referenced Order of the Florida Public Service Commission does not, nor could it legally, authorize any tax — it is not a `general law' within the purview of s. 9(a), Art. VII, State Const. which provides that units of local government may be authorized by general law to levy other taxes [i .e., other than ad valorem taxes] for their respective purposes (Emphasis supplied.); nor is it a `law' within the purview of s. 1(a), Art. VII, State Const., which provides that `[n]o tax shall be levied except in pursuance of law.' (Emphasis supplied.) Secondly, if the Order is referring to a franchise tax levied under the authority of a city charter act or special law or local law of any kind enacted prior to or after the adoption of the 1968 State Const., whether labeled a `franchise tax,' a `license tax' or any other form of excise tax, such charter or special or local law was superseded, preempted and invalidated by s. 9(a), Art. VII, supra, and is of no viability or legal efficacy. City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1 (Fla. 1972). In addition, I am unaware of any constitutional or general law authorization for the levy by a unit of local government of a `franchise tax,' or any other form of excise tax on the franchise granted by such unit of local government to a public utility company to furnish utility service, within its jurisdictional or territorial limits. Thus, although denominated as `franchise taxes' in the order, it appears more likely that the charges referred to therein are contractual fees or charges negotiated or contracted for by the government bodies under, and as consideration for, franchise agreements between the company and the respective governmental bodies for the privilege of using the public rights-of-way and places and conducting business thereon within the territorial limits of the respective governmental bodies or the exercise therein of other special privileges granted by the governmental body concerned.
Enclosed with your inquiry are communications suggesting that Dickinson v. City of Tallahassee, 325 So.2d 1 (Fla. 1975), might apply to the franchise charge or fee imposed upon the Florida Gas Company pursuant to its franchise contract with the City of St. Petersburg, a proportionate part of which has been charged to and separately stated on bills to the St. Petersburg Community College for utility services. Dickinson holds that the state and its agencies, the counties, and the county school boards are immune from the 10 percent utility tax which may be lawfully levied by the municipalities pursuant to s. 166.231, F. S. However, that case involved excise taxes levied directly on or against the consuming governmental agencies and not contractual exactions such as franchise fees which are in reality an additional cost or expense of doing business and regarded as a legitimate expense of operation.
The contractual franchise fee imposed by the City of St. Petersburg is exacted directly from the Florida Gas Company in consideration for special privileges granted it by the municipality to enable the utility to carry on the business of furnishing utility services within the city's territorial jurisdiction. This fee represents one segment of the utility company's operating costs, which forms a part of the company's rate base and is part of the total charges paid by a consumer for utility services received by it. The Public Service Commission (Docket No. 750361; Order No. 7538), and not the municipality, requires that the utility company break down its charges or rates for utility services on its customer bills to reflect the amount attributable to the franchise fee which is a part of the company's total charges to the consumer for utility services. As noted in AGO 075-231, however such franchise charges or fees may be characterized by the Public Service Commission, they are not in fact and in law taxes, and the community college therefore is not exempt or immune therefrom under existing constitutional and statutory laws of the state. Therefore, there exists no basis for invoking the doctrine of sovereign immunity explicated in Dickinson, supra, and the college must pay the charges for the utility services furnished it by the utility (including the proportionate part of the franchise charge or fee which is a part of the total charge for services supplied) the same as any other public or private consumer of such services, just as it pays for sewer and water and telephone services.
It should be noted that an ad valorem tax is an operating expense of the utility which constitutes a portion of its rate base or total charge for utility services it furnishes the consumer. The community college is no more immune or exempt from the payment of the proportion of its utility bill which goes to ad valorem taxes than it is immune from the payment of the franchise charge or fee which is not a tax levied against the college. Cf. AGO 074-390, holding that a county school board, as a consumer of petroleum products, was not exempt or immune from that portion of the purchawe price reflecting an excise or license tax paid by a registrant or terminal facility operator for the privilege of operating terminals and transferring pollutants, including petroleum products, over Florida waters, such excise tax being an additional cost of doing business by the terminal operator from whom distributors and the ultimate consumers purchased their petroleum products. As noted in 13 C.J.S. Public Utilities, at p. 1042, taxes of whatever kind or nature to which a public utility is subject in the performance of its public duties, including taxes on real and personal property, are to be considered as part of its operating expenses.
In AGO 070-56, this office concluded that a franchise fee imposed by a municipality on a telephone company, which, by then existent regulations of the Public Service Commission, was authorized to be indicated on its bills to its consumers as an increase in its charges for telephone services and thus passed on to the consumers, was legally required to be paid by state agencies. Attorney General Opinion 076-137 held that an impact fee, in the nature of a user charge, established by city ordinance and imposed on a county school board for the privilege of connecting to a city's water and sewer system was not a tax or special assessment and the school board was liable therefor the same as it was for any other utility fees or charges of publicly or privately owned utilities. It was further found that the then existing provisions of the Florida School Code regulating the levying of assessments for special benefits on school districts and the payment of such assessments had no application to the imposition of such impact fees or user charges against the school board and did not shield it from the payment of such fees or charges.
The community college is paying for the use of the utility service. The franchise fee, which has been found not to be a tax levied on or against the college, represents a part of the utility company's operating costs or expenses that it legitimately passes on to its customers. Therefore, the college is not exempt or immune from payment of the same and must pay its proportionate share of such fee or operating costs of the utility as a part of the price or total charges for utility services rendered to and received by it.
Prepared by: Joseph C. Mellichamp III Assistant Attorney General