Ms. Jackie Brack City Clerk City of Lake Butler 125 East Main Street Lake Butler, Florida 32054
Dear Ms. Brack:
You ask on behalf of the City Council of the City of Lake Butler substantially the following question:
May the city require collection of the public service tax levied pursuant to s. 166.231, F.S., from state and local governmental agencies?
In sum:
Absent legislative or constitutional authority, a municipality may not require state and local governmental agencies to pay the public service tax levied pursuant to s. 166.231, F.S.
You state that vendors of items subject to the public service tax levied by the City of Lake Butler pursuant to s. 166.231, F.S., are refusing to collect the tax on purchases by state and local governmental agencies. The question arises, therefore, whether the city may require all who purchase such items, except churches for church purposes,[1] to pay the tax.
Section 166.231(1)(a), F.S., in pertinent part, states:
A municipality may levy a tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), and water service. The tax shall be levied only upon purchases within the municipality and shall not exceed 10 percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service.
The statute further provides that a municipality "may exempt from taxation hereunder the purchase of taxable items by the United States government, this state, or any other public body as defined in s. 1.01[2] and shall exempt purchases by any recognized church in this state for use exclusively for church purposes."[3]
Superficially, the language in s. 166.231, F.S., appears to give municipalities the discretion to exempt governmental entities from the public service tax levied pursuant to s. 166.231, F.S.
Generally, however, the state and its agencies are not considered to be subject to the mandates of a statute, unless the intention to include them is clearly expressed.[4] In Dickinson v. City of Tallahassee,[5] the Supreme Court of Florida directly addressed the ability of a municipality to levy the public service tax on the state and a county pursuant to s. 166.231, F.S. The Court determined that the statutory authorization for municipalities to impose the utility tax did not constitute a waiver of the well-established immunity of state or county government from taxation by a municipality.[6]
Furthermore, the Court in Dickinson held that the specific exemption of the state from taxation allowed under s. 166.231, F.S., could not be interpreted as an implicit grant of authority to a municipality to impose the tax on the state. It was concluded, therefore, that the state and the county are immune from the public service tax levied by the city pursuant to s.166.231, F.S., since neither the constitutional authorization for such taxation, nor the implementing statute constitutes a waiver of the immunity. Similarly, there have been numerous situations where this office has determined that the state is not subject to local taxes or regulation. For instance, in AGO 87-29, it was concluded that a state agency was not authorized to pay a fee for "911" emergency telephone services, as such fee is in the nature of a tax from which the state and its agencies are immune in the absence of an express legislative waiver of such immunity. Likewise, this office, in AGO 83-88, determined that counties and municipalities were not authorized to enforce the state building code against state building projects or to require local permits and payment of local permit and inspection fees.[7] Accordingly, it is my opinion that, absent express statutory or constitutional authority for the imposition of such a tax, the City of Lake Butler may not require state and local governmental agencies to pay the public service tax levied pursuant to s. 166.231, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 166.231(5), F.S., in pertinent part, provides that a municipality "shall exempt purchases by any recognized church in this state for use exclusively for church purposes."
[2] Section 1.01(8), F.S., defines "public body" to include "counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state."
[3] Section 166.231(5), F.S.
[4] See, 3 Sutherland Statutory Construction s. 62.01 (4th ed. 1986), and State v. Peninsular Telephone Co., 75 So. 201 (Fla. 1917) (city or county, being a governmental as well as corporate entity, is in its governmental capacity not a "person or corporation" within the meaning and intent of statute providing for the regulation of telegraph and telephone companies and, without express provision not subject to its limitations). And see, Duval County v. Charleston Lumber Mfg. Co., 33 So. 531, 532
(Fla. 1903) (municipal corporations and counties not subject to garnishee procedure, unless the right to subject them to such procedure is conferred by clearly expressed legislation).
[5] 325 So.2d 1 (Fla. 1975).
[6] Dickinson at 3, citing Park-N-Shop, Inc. v. Sparkman,99 So.2d 571, 573-74 (Fla. 1958) (property of the state and of a county is immune from taxation, despite statutory references to such property as being exempt).
[7] See, also, AGO 89-41 (state and its agencies, absent clear expression by Legislature, not subject to a fee imposed on the sale or lease of motor vehicles under the Motor Vehicle Warranty Enforcement Act, Ch. 681, F.S.); and AGO 82-19 (state agency may not pay delinquent fees or penalty payments for untimely payment of utility services under terms and rates different than those prescribed by statute).