The Honorable Ed Crapo Alachua County Property Appraiser Post Office Box 23817 Gainesville, Florida 32602-3817
Dear Mr. Crapo:
You ask substantially the following question:
Where the owner of real property consisting of ninety acres and a house sells the property to the State of Florida but retains a life estate in the house and five acres, are the house and five acres subject to taxation?
In sum:
While property purchased by the state is immune from taxation, the retention of a life estate by the private seller of a portion of the property creates a freehold interest in that portion that is subject to taxation.
Florida follows the general rule that the state is immune from taxation and taxes may not be imposed upon the agencies or instrumentalities of the state unless they are specifically made subject to taxation.[1] In Dickinson v. City of Tallahassee,[2]
the Supreme Court of Florida directly addressed the ability of a municipality to levy a public service tax on the state and a county pursuant to section 166.231, Florida Statutes. The Court determined that the statutory authorization for municipalities to impose the utility tax did not constitute a waiver of the well-established immunity of state or county government from taxation by a municipality.
The Dickinson Court also held that the specific exemption of the state from taxation allowed under section 166.231, Florida Statutes, could not be interpreted as an implicit grant of authority to a municipality to impose the tax on the state. Noting that "[t]he State's immunity from taxation is so well established in Florida's jurisprudence that little elaboration is needed here," the Court concluded that the state and the county were immune from the public service tax levied by the city pursuant to section 166.231, Florida Statutes, since neither the constitutional authorization for such taxation nor the implementing statute constituted a waiver of the immunity.[3]
The Dickinson Court acknowledged that the State's immunity was necessitated by the compelling policy reasons of fiscal management and constitutional homogenization:
"[I]t is inconsistent with sound governmental principles to suggest that a state which cannot finance itself on a deficit basis would indirectly authorize an indeterminate amount of revenue to be taken from all its citizens for the benefit of some of its municipal governments."[4]
In Canaveral Port Authority v. Department of Revenue,[5] the Court reaffirmed that the compelling policy reasons specified inDickinson continue to exist with regard to the State. However, those reasons become less than compelling when the definition of "the state" is expanded beyond the entities collectively referred to as "the state" in Dickinson.[6] The Court in Canaveral PortAuthority concluded:
Accordingly, we find that only the State and those entities which are expressly recognized in the Florida Constitution as performing a function of the state comprise "the state" for purposes of immunity from ad valorem taxation. What comprises "the state" is thus limited to counties, entities providing the public system of education, and agencies, departments, or branches of state government that perform the administration of the state government. [The Canaveral Port Authority] is not such an entity and therefore is not immune from ad valorem taxation.[7]
Accordingly, while other governmental entities may be exempt from taxation, they are not immune from taxation. As stated by theCanaveral Court, "[i]mmunity and exemption differ in that immunity connotes an absence of the power to tax while exemption presupposes the existence of that power."[8] Property held by the State of Florida, such as by the Internal Improvement Trust Fund is immune from taxation.
In the instant inquiry, however, the seller of the property has retained a life interest in the house and five acres of the property. While leasehold interests for years have been considered personal property, the retention of an estate for life has usually been considered as a freehold of real property.[9] As the court stated in Chandler v. Chandler,[10]
"An estate for years entitles one to the possession of land for some determinate period but is not a freehold estate, while a life estate is a freehold interest in land which may be sold, mortgaged, or otherwise encumbered."
As a freehold interest in property, the estate for life retained by the seller is taxable although the seller may be entitled to a homestead exemption.[11]
Accordingly, I am of the view that while the state property is immune from taxation, a private seller who retains a life estate in property sold to the state owns a freehold interest that is subject to taxation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See generally, 84 C.J.S. Taxation ss. 206, 213 (1954); 71 Am.Jur.2d State and Local Taxation s. 336 (1973) (tax statutes are not to be construed to embrace property of government or its instrumentalities unless legislative intention to include such property is plainly and clearly expressed). See also, Dickinson v.City of Tallahassee, 325 So.2d 1 (Fla. 1975). Cf., Park-N-Shop,Inc. v. Sparkman, 99 So.2d 571, 573-574 (Fla. 1957) (property of the state and of a county is immune from taxation despite references to such property in statutes as being exempt); State exrel. Charlotte County v. Alford, 107 So.2d 27, 29 (Fla. 1958) (although statutes specifically exempt state owned lands, such exemption is not dependent upon statutory or constitutional provisions but rests upon broad grounds of fundamentals in government).
[2] 325 So.2d 1 (Fla. 1975).
[3] Id. at 3-4.
[4] 325 So.2d at 4.
[5] 690 So.2d 1226 (Fla. 1996).
[6] In Dickinson, the Court referred collectively to the State of Florida, its agencies and departments, Leon County, and the Leon County School Board as the state. 325 So.2d at 2.
[7] 690 So.2d at 1228.
[8] Id. at 1234. And see, Dickinson, supra at 3; OrlandoUtilities Commission v. Milligan, 229 So.2d 262, 264 (Fla. 4th DCA 1969). But see, Williams v. Jones, 326 So.2d 425 (Fla. 1975) (not unreasonable for legislature to impose ad valorem real property tax on leases of publicly-owned land for term of 99 years or more, for such leases are tantamount to ownership in fee simple for property tax valuation purposes); Bancroft Inv. Corp. v. Cityof Jacksonville, 27 So.2d 162 (Fla. 1946) (theory on which lands of federal government or of state are exempted from state and municipal taxes is that they are held and used for municipal, educational, scientific, literary, religious, or charitable purposes); Tre-O-Ripe Groves, Inc. v. Mills, 266 So.2d 120 (Fla. 1st DCA 1972) (the utilization of property for a predominantly public or private purpose, not the character or nature of its owner, is the major criterion in determining liability for taxes).
[9] See, Florida Tax Service 2d s. 62.83(4) (Matthew Bender 
Co., Inc.); Ops. Att'y Gen. Fla. 52-298, p. 360 (1952); 70-81 (1970).
[10] 330 So.2d 778, 780 (Fla. 1st DCA 1976) (Boyer, C.J., specially concurring), cert. den., 339 So.2d 1167 (Fla. 1976).
[11] See, Rules 12D-7.008 — 12D-7.010, Fla. Admin. Code.