825 So.2d 472 (2002)
William MARKHAM, as Broward County Property Appraiser, Appellant,
v.
BROWARD COUNTY, a political subdivision of the State of Florida, and Crowley American Transport, Inc., Appellees.
No. 4D01-1139.
District Court of Appeal of Florida, Fourth District.
August 7, 2002.
Rehearing Denied September 25, 2002.
Gaylord A Wood, Jr. of Wood & Stuart, P.A., Fort Lauderdale, for appellant.
Edward A. Dion, Andrew J. Meyers and Tamara M. Scrudders, Fort Lauderdale, for appellee Broward County.
*473 Gerald L. Knight of Holland & Knight, LLP, Fort Lauderdale, for appellee Crowley American Transport, Inc.
KLEIN, J.
In 1994 Port Everglades Authority, which had been an independent special district created by special act of the legislature, was dissolved by the legislature, and Broward County became the owner of its real property. Much of that property is leased to private for-profit businesses. The Broward County Property Appraiser contends that county property, leased for non-governmental purposes, is subject to ad valorem taxation. We disagree and affirm.
In Canaveral Port Authority v. Department of Revenue, 690 So.2d 1226, 1228 (Fla.1996), our supreme court held that the Canaveral Port Authority, an independent special district, was not immune from ad valorem taxation on property leased to lessees who were not performing governmental functions. The court clarified which governmental entities are immune from taxation:
[O]nly the State and those entities which are expressly recognized in the Florida Constitution as performing a function of the state comprise "the state" for purposes of immunity from ad valorem taxation. What comprises "the state" is thus limited to counties, entities providing the public system of education, and agencies, departments, or branches of state government that perform the administration of the state government. [footnotes omitted].
Although Canaveral holds that counties are immune from taxation, the appraiser argues that the legislature, in chapter 196, Florida Statutes, waived this immunity where property is leased for non-governmental purposes. He relies on section 196.001, Florida Statutes (1993), which provides:
Unless expressly exempted from taxation, the following property shall be subject to taxation in the manner provided by law:
(1) All real and personal property in this state and all personal property belonging to persons residing in this state.
The appraiser argues that "all real and personal property" means exactly what it says, and that this constitutes a waiver of immunity.[1] This argument ignores the distinction between immunity from taxation and exemption from taxation. "Exemption presupposes the existence of a power to tax whereas immunity connotes the absence of that power." Orlando Util. Comm'n v. Milligan, 229 So.2d 262, 264 (Fla. 4th DCA 1969); Dickinson v. City of Tallahassee, 325 So.2d 1, 3 (Fla. 1975); Canaveral, 690 So.2d at 1226 n. 7.
In order to waive immunity, a statute must be clear and unambiguous. Manatee County v. Town of Longboat Key, 365 So.2d 143 (Fla.1978). The legislature did not use the term "immunity" in chapter 196, but has used that term in regard to ad valorem taxation in other statutes. See § 192.032(2). It has also used the term "immunity" when waiving sovereign immunity for torts. § 768.28. The exemptions in chapter 196 apply only to property which does not have immunity. County property is immune. Canaveral.
The appraiser also argues that counties which are charter counties, such as Broward County, are not immune, notwithstanding Canaveral, because "charter counties and municipalities are placed in *474 the same category for all practical purposes." State ex rel. Volusia County v. Dickinson, 269 So.2d 9, 10 (Fla.1972). The appraiser relies on this dicta and the fact that cities are not immune from taxation, Dickinson v. City of Tallahassee, 325 So.2d 1 (Fla.1975), to conclude that charter counties are not immune. We cannot agree. All counties are political subdivisions of the state, Art. VIII, § 1, Fla. Const., and under Canaveral are immune.
We have considered the other arguments raised by the appraiser and find them to be without merit. Affirmed.
GUNTHER, J., and HAWLEY, ROBERT A., Associate Judge, concur.
NOTES
[1] State and county property being used for governmental purposes would be exempt from taxation because of exemptions provided in section 196.199.