The Honorable Yolly Roberson Representative, District 104 645 Northeast 127th Street North Miami, Florida 33161
Dear Representative Roberson:
You ask substantially the following question:
May a municipality require a legislator to obtain an occupational license for his or her district office?
According to your letter, the City of North Miami has indicated that you must obtain an occupational license to operate your district office. When you questioned the authority of the city to require such a license, it was suggested that you seek an Attorney General Opinion on this matter.[1]
Section 205.042, Florida Statutes, authorizes the governing body of a municipality to levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.[2] The statute provides that the occupational license tax may be levied on:
 "(1) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any business within its jurisdiction.
 (2) Any person who maintains a permanent business location or branch office within the municipality, for the privilege of engaging in or managing any profession or occupation within its jurisdiction.
 (3) Any person who does not qualify under subsection (1) or subsection (2) and who transacts any business or engages in any occupation or profession in interstate commerce, if the license tax is not prohibited by s. 8, Art. I of the United States Constitution."[3]
This office has considered the occupational license tax authorized in Chapter 205, Florida Statutes, to be a tax.[4] Although municipalities have been granted broad home rule powers, such powers do not include the authority to levy taxes. Rather, the levying and collection of taxes, including the issuance or sale of occupational licenses and the collection of license taxes, are matters that are the exclusive prerogative of the Legislature pursuant to ss. 1(a) and 9(a), Art. VII, Florida Constitution, as implemented by Chapter 205, Florida Statutes.[5]
The courts of this state have long recognized the immunity of the state and its agencies from taxation. For example, in Dickinson v. City ofTallahassee,[6] the Florida Supreme Court held that the state was immune from a municipal utility tax, in part because Article VII, section9(a) of the Florida Constitution did not expressly waive the state's sovereign immunity from taxation and in part because the applicable statute did not expressly confer on municipalities the power to impose a utility tax on the state. Similarly, in Attorney General Opinion 93-38 this office recognized that absent legislative or constitutional authority, a municipality may not require state agencies to pay the public service tax levied pursuant to section 166.231, Florida Statutes. Subsequently in Canaveral Port Authority v. Department of Revenue,[7]
the Florida Supreme Court construed the immunity from taxation to apply only to counties, entities providing public education, and agencies, departments, or branches of state government that perform the administration of state government.
In Attorney General Opinion 03-30, this office was asked whether a municipality could require an office of a state agency to apply for an occupational license. In requesting that opinion, the city recognized that it could not impose an occupational license tax on a state agency; however, it inquired whether the city could still require a state agency to obtain an occupational license from the city. This office concluded that the municipality could not require the state agency to obtain an occupational license. Such a conclusion was based upon the definitions of "person" and "[b]usiness," "profession," and "occupation" which would not appear to encompass a state agency,[8] as well as the principle of construction that the state and its agencies are not ordinarily considered to be within the scope of a statute unless the intention to include them is clearly manifested.[9]
Your district office, established to assist you in carrying out your duties as a member of the state Legislature, would similarly appear to be immune from imposition of an occupational license tax or the requirement that said office obtain such a license.[10] Accordingly, I am of the opinion that a municipality may not require a legislator to obtain an occupational license for his or her district office.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Memo from Michelle A. Delancy, Esq., dated October 29, 2004.
[2] See s. 205.022(1), Fla. Stat., defining a "[l]ocal occupational license" as the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.
[3] Section 205.042, Fla. Stat.
[4] See, e.g., Ops. Att'y Gen. Fla. 04-14 (2004); 03-51 (2003), 95-46 (1995), 90-25 (1990), 84-65 (1984), and 84-91 (1984) stating that Chapter 205, Fla. Stat., the "Local Occupational License Tax Act," provides for the implementation of license taxes by which local governing authorities are empowered to levy such taxes as required by ss. 1(a) and9(a), Art. VII, Fla. Const. 
[5] See Art. VII, s. 1(a), Fla. Const. ("No tax shall be levied except in pursuance of law . . . [a]ll other forms of taxation shall be preempted to the state except as provided by general law"); and Art. VII, s. 9(a), Fla. Const. ("[M]unicipalities . . . may be authorized by general law to levy other taxes . . . .").
[6] 325 So.2d 1 (Fla. 1975).
[7] 690 So.2d 1226 (Fla. 1996).
[8] See s. 205.022(3), Fla. Stat., defining "[p]erson" to mean "any individual, firm, partnership, joint adventure, syndicate, or other group or combination acting as a unit, association, corporation, estate, trust, business trust, trustee, executor, administrator, receiver, or other fiduciary, and includes the plural as well as the singular" and s.205.022(6), Fla. Stat., stating that "[b]usiness," "profession," and "occupation" do not include the customary religious, charitable, or educational activities of nonprofit religious, nonprofit charitable, and nonprofit educational institutions in this state.
[9] See 3 Sutherland Statutory Construction s. 62.01 (4th ed. 1974); and State v. Peninsular Telephone Company, 75 So. 201 (Fla. 1917) (city or county, being a governmental as well as a corporate entity, is in its governmental capacity not a "person or corporation" within the meaning and intent of former s. 364.01, Fla. Stat., providing for the regulation of telegraph and telephone companies by the former railroad commission).And see, Duval County v. Charleston Lumber Manufacturing Company,33 So. 531 (Fla. 1903); City of St. Petersburg v. Carter, 39 So.2d 804
(Fla. 1949); Ops. Att'y Gen. Fla. 74-261 (1974), 80-68 (1980) and 80-100 (1980).
[10] See s. 11.13(4), Fla. Stat., which provides in part:
 "Each member of the Legislature shall be entitled to receive a monthly allowance for intradistrict expenses in an amount set annually by the President of the Senate for members of the Senate and the Speaker of the House of Representatives for members of the House. In setting the amount, the costs of maintaining a legislative district office or offices that provide an appropriate level of constituent services shall be considered. The procedure for disbursement of the monthly intradistrict expense allowed shall be set from time to time by the Office of Legislative Services, with the approval of the President of the Senate and the Speaker of the House of Representatives or their respective designees. Such expenses shall be a proper expense of the Legislature and shall be disbursed from the appropriation for legislative expense. . . ." (e.s.)