Dear Ms. Lee:
On behalf of the Hillsborough County Charter Review Board, the following question has been asked:
 May the Hillsborough County Charter be amended to waive ad valorem property tax immunity for property owned by Hillsborough County but leased or used by a private entity for predominately proprietary purposes, subject to an override provision requiring a referendum to approve immunity for a particular property?
The proposed amendment to the Hillsborough County Charter provides:
"Section 9.13 Limited Waiver of Immunity from Ad Valorem Property Taxation.
Property owned by Hillsborough County and leased or used by a private entity for predominately proprietary purposes, as defined by general law, shall be subject to ad valorem property taxation. This section is intended as a limited and specific waiver of immunity as it relates to ad valorem property taxation. However, the Board of County Commissioners may, by a majority vote, move to have a referendum election to approve immunity for a particular property."
Florida follows the general rule that the state is immune from taxation and that taxes may not be imposed upon its agencies or instrumentalities unless they are specifically made subject to taxation.[1] Counties, whether charter or not, are political subdivisions of the state and are also immune from taxation.[2] The state's and counties' immunity from taxation, however, is not derived from statute or the constitution, but "rests upon broad grounds of fundamentals in government[.]"[3]
The Supreme Court of Florida in Dickinson v. City ofTallahassee[4] has previously addressed whether property owned by the state or a county could be taxed by a municipality pursuant to the section 166.231, Florida Statutes. The court noted that the crux of the case was whether the state had waived its immunity from taxation by either the State Constitution or the taxing statutes. While Article VII, section 9(a), Florida Constitution, authorizes municipalities to impose ad valorem taxes, the court found no evidence that it was meant to allow taxation of the sovereign or that the power to tax by implication was intended to be a release of the sovereign's immunity from taxation.[5] Absent a clear waiver of immunity, the court concluded that county property, even though leased to private, for-profit businesses, was not subject to ad valorem taxation.
There is also some question as to whether a county or the state may waive its immunity from taxation through the enactment of legislation. As noted in Attorney General Opinion 2001-38, the ability of the Legislature to create an exemption from taxation when the property is immune is questionable in light of SebringAirport Authority v. McIntyre.[6] In McIntyre, the Legislature sought to create an ad valorem tax exemption for private, profit-making ventures conducted on property leased from a governmental entity by providing, as emphasized below, in section 196.012(6), Florida Statutes (1994 Supplement),
"(6) Governmental, municipal, or public purpose or function shall be deemed to be served or performed when the lessee under any leasehold interest created in property of the United States, the state or any of its political subdivisions, or any municipality, agency, authority, or other public body corporate of the state is demonstrated to perform a function or serve a governmental purpose which could properly be performed or served by an appropriate governmental unit or which is demonstrated to perform a function or serve a purpose which would otherwise be a valid subject for the allocation of public funds. . . . The use by alessee, licensee, or management company of real property or aportion thereof as a convention center, visitor center, sportsfacility with permanent seating, concert hall, arena, stadium,park, or beach is deemed a use that serves a governmental,municipal, or public purpose or function when access to theproperty is open to the general public with or without a chargefor admission. . . . "(e.s.)
The Supreme Court of Florida agreed with the lower appellate court that the Legislature's redefinition of "governmental, municipal or public purpose or function" to include a lessee's use of property for a convention center, visitor center, sports facility, concert hall, arena, stadium, park or beach was an "impermissible attempt by the Legislature to create a tax exemption that is not authorized by the Florida Constitution."[7]
The court further stated:
"It is not for this Court or the Legislature to grant ad valorem taxation exemption not provided for in the present constitutional provisions. That decision rests solely with the people of Florida as voiced in our constitution, and not through legislation."[8]
It is well settled that counties, like other units of local government, have no inherent power to impose taxes, such that any taxing power for counties must be derived from the state.[9] Likewise, as discussed above, the authority to create exemptions from taxation or to otherwise affect the immunity of property from taxation must emanate from the organic law of the state.[10] Absent a clear constitutional provision to waive the immunity of state or county property from taxation, I must conclude that Hillsborough County may not effect such a change through the amendment of its charter.
Accordingly, it is my opinion that the Hillsborough County Charter may not be amended to waive ad valorem property tax immunity for property owned by the county but leased or used by a private entity for predominately proprietary purposes.
Sincerely,
Charlie Crist Attorney General
CC/tals
[1] See, e.g., Park-N-Shop, Inc. v. Sparkman, 99 So. 2d 571,573-574 (Fla. 1957) (property of the state and of a county is immune from taxation despite references to such property in statutes as being exempt). See also First Union National Bank ofFlorida v. Ford, 636 So. 2d 523 (Fla. 5th DCA 1993) (counties, as parts of state, are immune from state, municipal, or other special districts' attempts at taxation).
[2] See Markham v. Broward County, 825 So. 2d 472, 474 (Fla. 4th DCA 2002), citing Canaveral Port Authority v. Department ofRevenue, 690 So. 2d 1226 (Fla. 1996) and Article VIII, s. 1, Fla. Const. 
[3] State ex rel. Charlotte County v. Alford, 107 So. 2d 27,29 (Fla. 1958) (although statutes specifically exempt state owned lands, such exemption is not dependent upon statutory or constitutional provisions but rests upon broad grounds of fundamentals in government).
[4] 325 So. 2d 1 (Fla. 1975).
[5] Id. at 3.
[6] 783 So. 2d 238 (Fla. 2001).
[7] Id. at 243, citing Sebring Airport Authority v.McIntyre, 718 So. 2d 296, 297 (Fla. 2nd DCA 1998).
[8] 783 So. 2d at 252.
[9] Contractors and Builders Association of Pinellas County v.City of Dunedin, 329 So. 2d 314, 317 (Fla. 1976), petition forcert. denied, 444 U.S. 867 (1979); Belcher Oil Company v. DadeCounty, 271 So. 2d 118, 122 (Fla. 1972). See generally, 53 C.J.S. Licenses s. 9.
[10] Cf., s. 13, Art. X, State Const., waiving sovereign immunity by authorizing the Legislature by general law to provide for bringing suits against the state for liabilities.