974 So.2d 470 (2008)
Rob TURNER, as Hillsborough County Property Appraiser, Appellant,
v.
FLORIDA STATE FAIR AUTHORITY, Appellee.
No. 2D07-1411.
District Court of Appeal of Florida, Second District.
January 25, 2008.
Rehearing Denied February 29, 2008.
*471 William D. Shepherd, General Counsel, Hillsborough County Property Appraiser's Office, Tampa, for Appellant.
Raymond T. Elligett, Jr., of Buell & Elligett, P.A., Tampa; and Gordon J. Schiff and Blair C. Kurland of Schiff Law Group, Tampa, for Appellee.
WALLACE, Judge.
The Florida State Fair Authority (the Authority) challenged the assessment of ad valorem taxes for the years 2004 and 2005 against part of the Florida State Fairgrounds (the Fairgrounds). The assessment was made by Rob Turner, as Hillsborough County Property Appraiser (the Appraiser). The Appraiser made the assessment after the Authority had entered into a written agreement (the Agreement) that permitted Roadmaster Driver's School, Inc. (Roadmaster) to use part of the Fairgrounds to operate its truck-driver school at times when the Authority did not require the use of the property. The circuit court concluded that the Authority was immune from ad valorem taxation and entered a final judgment in its favor and against the Appraiser. We affirm the final judgment in favor of the Authority on the alternate ground that the Agreement granted Roadmaster only a license to use the subject parcel, not a lease or other possessory interest in land. Therefore, section 196.199, Florida Statutes (2003 & 2004), is inapplicable, and regardless of whether the Authority is immune from taxation, the subject parcel was not subject to ad valorem taxation for the years in question.

The Facts and Procedural Background
The Florida legislature created the Authority in 1974. See ch. 74-322, §§ 1-17, at 991-97, Laws of Fla. The Authority is organized and established under the provisions of sections 616.251 through 616.265, Florida Statutes (2003 & 2004). The Authority is a public body corporate and politic, and it operates under the supervision of the Commissioner of Agriculture. § 616.251(1), (2). For the purposes of implementing the legislation that established it, the Authority is considered to be "an instrumentality of the state, subject to the jurisdiction of the state." § 616.251(1). The Authority "is charged with the responsibility of staging an annual fair to serve the entire state." § 616.251(3).
The Fairgrounds owned by the Authority consist of approximately 355 acres of land in Hillsborough County. The Fairgrounds are bounded on the North by Interstate Highway 4, on the West by Orient Road, and on the East by U.S. Highway 301. In accordance with the Agreement, the Authority permits Roadmaster to use approximately fifteen acres of the Fairgrounds during part of the year' when the Authority does not require the use of the parcel. Roadmaster uses the subject parcel to operate its truck-driver school. The fees paid by Roadmaster for this privilege generate revenues that the Authority uses to perform the functions assigned to it by the legislature.
*472 For the 2004 and 2005 tax years, the Appraiser cut out the subject parcel from a larger tract within the Fairgrounds and sought to impose ad valorem taxes against it. The Authority filed an action in circuit court challenging the Appraiser's assessment of taxes against the parcel for the 2004 tax year. Later, the Authority filed a similar action for the 2005 tax year. These actions were subsequently consolidated.
After the consolidation, the Authority and the Appraiser filed cross-motions for summary judgment. The circuit court ruled that the Authority "as an instrumentality of the State is immune from ad valorem taxation." Accordingly, the circuit court entered a final judgment in favor of the Authority and against the Appraiser. From that final judgment, the Appraiser has taken this appeal.

The Parties' Arguments
As framed by the parties, the issue before us is whether the Authority is immune from taxation or if its lands are merely exempt. The distinction is significant. "Exemption presupposes the existence of a power to tax whereas immunity connotes the absence of that power." Orlando Utils. Comm'n v. Milligan, 229 So.2d 262, 264 (Fla. 4th DCA 1969). If the Authority's lands are merely exempt from ad valorem taxation, then a lease of part of the Fairgrounds to a nongovernmental entity could make the leased parcel subject to ad valorem taxation.
In the circuit court and on this appeal, the parties have focused their arguments on the Authority's place in the framework of state government. There is no case law that directly addresses this issue.[1] The Authority argues that it "is a governmental agency of the [s]tate, or part of the legislative branch, that performs a function of state government." Based on its claim to be part of the state, the Authority contends that its lands enjoy the state's immunity from ad valorem taxation. See Dickinson v. City of Tallahassee, 325 So.2d 1 (Fla.1975); State ex rel. Charlotte County v. Alford, 107 So.2d 27 (Fla.1958). The Appraiser responds that the Authority is merely a creation of the legislature that does not share in the state's immunity from ad valorem taxation. The Appraiser compares the Authority to various port authorities and aviation authorities around the state. Lands owned by these entities may be exempt from ad valorem taxation, but they do not enjoy the immunity from ad valorem taxation of the state and the counties. See, e.g., Canaveral Port Auth. v. Dep't of Revenue, 690 So.2d 1226 (Fla. 1996); Walden v. Hillsborough County Aviation Auth., 375 So.2d 283 (Fla.1979); Ill. Grain Corp. v. Schleman, 144 So.2d 329 (Fla. 2d DCA 1962) (noting the exempt status of lands owned by the Hillsborough County Port Authority); Dep't of Revenue v. Port of Palm Beach Dist., 650 So.2d 700 (Fla. 4th DCA 1995), approved, 684 So.2d 188 (Fla.1996).
The Appraiser argues further that even if the lands owned by the Authority could be deemed immune, the legislature has waived that immunity by statute. In support of this contention, the Appraiser directs our attention to section 616.260, Florida Statutes, which addresses the subject of the Authority's "[t]ax exemption." The statute provides:
It is hereby found and determined that all of the projects authorized by this part constitute essential governmental *473 purposes, and all of the properties, revenues, moneys, and other assets owned and used in the operation of those projects shall be exempt from all taxation, including special assessments, by the state or by any county, municipality, political subdivision, agency, or instrumentality thereof. However, nothing in this section shall grant any person other than the authority an exemption from the tax imposed in chapter 220, and if property of the authority is leased, the property shall be exempt from ad valorem taxation only if the use by the lessee qualifies the property for exemption under s. 196.199. The exemption granted by this section shall not be applicable to any tax imposed by chapter 220 on interest, income, or profits on debt obligations owned by corporations. The property of the authority shall be subject to the provisions of s. 196.199.

§ 616.260 (emphasis added). Thus section 616.260 expressly states that lands owned by the Authority are subject to the provisions of section 196.199 concerning "[g]overnment property exemption[s]." In addition, section 616.260 suggests that lands leased by the Authority are exempt from ad valorem taxation only if the leased lands qualify for an exemption under section 196.199. With exceptions not material here, that statute providesin pertinent partthat "rpiroperty owned by any municipality, agency, authority, or other public body corporate of the state which becomes subject to a leasehold interest or other possessory interest of a nongovernmental lessee . . . shall be subject to ad valorem taxation." § 196.199(4), Fla. Stat. (2003 & 2004).
Relying on section 196.199, the Appraiser asserts that the Agreement is a lease to a nongovernmental lessee that disqualifies the subject parcel for an exemption from ad valorem taxation. However, if the Authority's lands are immune as it claims, then section 196.199 is arguably inapplicable to them because "[t]he exemptions in chapter 196 apply only to property which does not have immunity." Markham v. Broward County, 825 So.2d 472, 473 (Fla. 4th DCA 2002) (concluding that the exemptions in chapter 196 do not apply to county property, which is immune from ad valorem taxation). In addition, the Authority argues that section 196.199 is inapplicable regardless of its status as an immune or an exempt entity because the Agreement is a license, not a lease. According to the Authority, the Agreement "provides only a non-exclusive permit or privilege and does not convey any interest in the property to Roadmaster."

Discussion
We have carefully reviewed the Agreement between the Authority and Roadmaster. After this review, we find it unnecessary to reach the issue of whether the Authority shares the immunity of the state from ad valorem taxation in order to decide this case. In this case, the nature of the Agreement determines the result.
We conclude that the Agreement is a license, not a lease. A license does not confer an interest in the land but merely gives the licensee the authority to do a particular act on another's land. See Dupont v. Whiteside, 721 So.2d 1259, 1263 (Fla. 5th DCA 1998). The distinction between the rights of a lessee and those of a licensee is as follows:
A tenant under a lease is one who has been given a possession of land which is "exclusive even of the landlord except as the lease permits his entry, and saving always the landlord's right to enter to demand rent or to make repairs." A licensee is one who has a "mere permission to use land, dominion over it remaining in the owner and no interest in *474 or exclusive possession of it being given" to the occupant.
Seabloom v. Krier, 219 Minn. 362, 18 N.W.2d 88, 91 (1945) (quoting 1 Herbert Thorndike Tiffany, The Law of Real Property, § 79 (Basil Jones ed., 3d ed. 1939)), cited with approval in Lunney v. Post, 248 So.2d 504, 508 (Fla. 4th DCA 1971), approved on other grounds, 261 So.2d 146 (Fla.1972).
Here, the Agreement merely permits Roadmaster to use the subject parcel at designated times for its truck-driver school under detailed terms and conditions. The Agreement does not make Roadmaster a tenant or give it any possessory interest in the subject parcel. Because Roadmaster does not have a lease or other possessory interest in the subject parcel, section 196.199(4) is not applicable. Therefore, the parcel in question is not subject to ad valorem taxation, regardless of whether the Authority is immune from taxation or the property is merely exempt. On this basis, we affirm the circuit court's final judgment in favor of the Authority.
Affirmed.
LaROSE, J., and LOGAN, PAUL E., Associate Judge, Concur.
NOTES
[1] The Attorney General has noted that "the State Fair Authority has not been assigned to or made a part of the executive branch of state government" and suggested instead that "the State Fair Authority is a part of the legislative branch of government." Op. Att'y Gen. Fla. 83-20 (1983).