650 So.2d 700 (1995)
STATE of Florida DEPARTMENT OF REVENUE, et al., Appellants,
v.
PORT OF PALM BEACH DISTRICT, etc., et al., Appellees.
No. 93-3053.
District Court of Appeal of Florida, Fourth District.
February 23, 1995.
*701 Jay R. Jacknin and Eric Ash, Christiansen, Jacknin & Tuthill, West Palm Beach, and Gaylord A. Wood, Jr., Wood & Stuart, P.A., Fort Lauderdale, for appellant Gary Nikolits, Palm Beach County Property Appraiser.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lee R. Rohe, Asst. Atty. Gen., Tallahassee, for appellee State Dept. of Revenue.
Robert B. Cook, Robert B. Cook, P.A., North Palm Beach, for appellee Port of Palm Beach.
Jack J. Aiello and David P. Ackerman, Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellees Florida Sugar Marketing and Terminal Ass'n, Inc., Birdsall, Inc. and Florida Molasses Exchange, Inc.
Linwood Cabot, Fort Lauderdale, for amicus curiae Port Everglades Authority.
PER CURIAM.
The issue for review in this case is whether the Port of Palm Beach District ("the Port") is immune from ad valorem taxation by Palm Beach County with respect to property leased to private entities. The Port was created by a special act of the legislature in 1915, Chapter 70-81, Laws of Florida, as amended, and is an independent taxing district. The Port is vested with certain powers necessary to ensure the viability and operation of the Port of Palm Beach, a deep water port which facilitates the importation and exportation of various goods. The property which is the subject of this action is owned in fee simple by the Port and leased to Florida Sugar Marketing & Terminal Association, Inc., Florida Molasses Exchange, Inc. and Birdsall, Inc. Because we hold that the Port is not a political subdivision, we reverse the trial court's final summary judgment finding the Port immune from ad valorem taxation.
In reaching this conclusion, we rely on the reasoning expressed in the well-written opinion of Florida Dep't of Revenue, et al. v. Canaveral Port Auth., 642 So.2d 1097 (Fla. 5th DCA 1994), where the court found that the Canaveral Port Authority was not a political subdivision of the state and was therefore not immune from ad valorem taxation. To rehash the extensive and scholarly analysis of the issue conducted in Canaveral Port Auth., would serve little useful purpose in this opinion. However, even though we do not find the Port immune from taxation, we must remand this case back to the trial court for a determination as to whether any statutory exemptions would apply to the subject of ad valorem taxation in this case  real property owned by the Port and leased to various nongovernmental lessees. See § 196.199, Fla. Stat. (1991); Ch. 315, Fla. Stat. (1991). Because the trial court found the Port immune from ad valorem taxation, it never reached the appellees' claim of a statutory exemption.
Reversed and remanded.
WARNER, PARIENTE and STEVENSON, JJ., concur.