Dear Ms. Faux:
You ask substantially the following question: Is a parking garage owned by the State of Florida but leased to a municipality that has sublet spaces to private individuals subject to ad valorem taxation?
It appears that you are inquiring about the taxability of the property itself. Florida follows the general rule that the state is immune from taxation and taxes may not be imposed upon the agencies or instrumentalities of the state unless they are specifically made subject to taxation.[1] In Dickinson v. City of Tallahassee,[2] the Supreme Court of Florida addressed the ability of a municipality to levy a public service tax on the state and a county pursuant to section 166.231, Florida Statutes. The Court determined that the statutory authorization for municipalities to impose the utility tax did not constitute a waiver of the well-established immunity of state or county government from taxation by a municipality.
More recently, the Fourth District Court of Appeal in Markham v.Broward County[3] considered whether an area of county property, much of which was leased to private for-profit businesses, was subject to ad valorem taxation. The Broward County Property Appraiser contended that county property leased for non-governmental purposes was subject to taxation. Citing Canaveral Port Authority v. Department of Revenue,[4]
a Florida Supreme Court decision, the court held that in order to waive immunity, a statute must be clear and unambiguous. The District court noted that the Legislature did not use the term "immunity" in Chapter 196, Florida Statutes, but has used that term in regard to ad valorem taxation in other statutes.[5] Thus, the court concluded that the exemptions in Chapter 196 apply only to property that does not have immunity. The court held that since county property is immune, the property, despite being leased to private for-profit businesses, was not subject to ad valorem taxation.
In the instant inquiry, the property, although leased to a municipality, is owned by the state. In light of the court's decision inMarkham v. Broward County, supra, the property owned by the state, although leased to a municipality and sublet by the municipality to private individuals, would appear to be immune from ad valorem taxation. Accordingly, I am of the opinion, until this matter is clarified by the courts or the Legislature, that a parking garage owned by the State of Florida but leased to a municipality that has sublet spaces to private individuals is not subject to ad valorem taxation.[6]
Sincerely,
 Charlie Crist, Attorney General
CC/tjw
[1] See, e.g., Park-N-Shop, Inc. v. Sparkman, 99 So. 2d 571, 573-574
(Fla. 1957) (property of the state and of a county is immune from taxation despite references to such property in statutes as being exempt); State ex rel. Charlotte County v. Alford, 107 So. 2d 27, 29
(Fla. 1958) (although statutes specifically exempt state owned lands, such exemption is not dependent upon statutory or constitutional provisions but rests upon broad grounds of fundamentals in government).
[2] 325 So. 2d 1 (Fla. 1975).
[3] 825 So. 2d 472 (Fla. 4th DCA 2002).
[4] 690 So. 2d 1226, 1228 (Fla. 1996).
[5] See, e.g., s. 192.032(2). And see s. 768.28, Fla. Stat., using the term "immunity" when waiving sovereign immunity for torts.
[6] As noted supra, your inquiry concerns the taxability of the parking garage which appears to be immune from taxation. I would, however, note that section 196.001(2), Florida Statutes, provides that unless expressly exempted from taxation, "[a]ll leasehold interests in property of the United States, of the state, or any political subdivision, municipality, agency, authority, or other public body corporate of the state" shall be subject to taxation in the manner provided by law. The taxability of a leasehold interest has been discussed in Ops. Att'y Gen. Fla. 72-294 (1972), 75-302 (1975), 01-38 (2001).